LYMAN H. BALDWIN, *Plaintiff in Error*,
*vs.*
JOHN MARYGOLD and PATRICK DONAHU,
*Defendants in Error.*

ERROR TO CALUMET COUNTY COURT.

The statute of 1853, in relation to change of venue, is imperative upon the judge or court.

The court has no discretion to grant or deny the petition, if it be in conformity with the provisions of the statute.

Reasonable notice of an application for change of venue is sufficient.

Where the petition was presented in open court, in the presence of the counsel of the adverse party: held sufficient notice.

This was an action brought before a justice of the peace of Calumet county by the plaintiff in error against the defendants in error, to recover a balance due on book account, where he obtained judgment, from which the defendants appealed to the County Court. On the first day of the next succeeding term the plaintiff in error filed in said court his petition for a change of venue, on account that the judge was prejudiced. This motion was resisted by the defendants below, on the ground that they had not received previous notice, and the Court overruled the petition. The plaintiff suffered judgment to go against him by default, and judgment was rendered in favor of the defendants below for costs. To reverse which this writ of error is now brought.

*R. P. Eaton* for the plaintiff in error.
*E. S. Bragg* for the defendant in error.

*By the Court*, SMITH, J. The error complained of in this case is, the refusal of the County Court to

Dec. Term
1853.

Baldwin
vs.
Marygold
& Donahu. change the venue on the petition of the plaintiff in error, who was plaintiff below.

The plaintiff brought an action of assumpsit, founded on book account, against the defendant, before a justice of the peace of Calumet county, and obtained judgment for $57.79. The defendants appealed to the County Court. On the first day of the next term the plaintiff filed his petition and affidavit for a change of venue, on account of the prejudice of the judge. The petition was opposed by the defendant's attorneys, who were then in court, the petition being presented in open court, on the ground that they had not had eight days' notice of the petition.

Reasonable notice is all that is required, and when a petition of this kind is presented in open court, in the presence of the attorney or counsel of the adverse party, it is sufficient notice of the filing. If time is desired to prepare for the hearing, it may doubtless be had on application. If the application be made in vacation, of course another kind of notice is necessary· and what would be reasonable notice must depend upon the circumstances of the case.

The statute of 1853, (*Session Laws, p.* 51) is imperative upon the judge or court, and the venue should have been changed in accordance with the prayer of the petition, and with the provisions of the Statute. The court had no discretion in the premises and by proceeding afterwards to " default" or non-suit the plaintiff, the court acted without authority, and the judgment is therefore erroneous.

The judgment of the County Court is therefore reversed, and the cause remanded, with directions to the County Court to order a change of venue in accordance with the prayer of the petition.