January Term,
1862.

WESTERN BANK OF SCOTLAND vs. TALLMAN and others.

WESTERN BANK
OF SCOTLAND
v.
TALLMAN et al.

An application under section 8, chapter 123, R. S. 1858, for a change of venue in a civil action on account of the prejudice of the judge before whom the action is pending, must be verified by the oath or affirmation of a "party" to the action, and cannot be verified by his attorney.

Where the applicant is a corporation, the verification may be made by such agents or officers as are authorized by the general provisions of law to verify such statements of corporations as are required to be under oath.

By the "prejudice of the judge" for which a change of venue is allowed under that section, the statute refers to a prejudice for or against one of the parties, and not to the fact that the judge has formed an opinion upon the legal questions in the case.—Per PAINE, J.

Where such an application is sufficient under the statute, it is the imperative duty of the circuit court to change the venue; otherwise not.

An order refusing to change the venue upon such an application, is appealable.

APPEAL from the Circuit Court for *Rock* County.

The case is stated in the opinion of the court.

*J. Neil*, for appellant.

*J. A. Sleeper*, for respondents.

May 15.     *By the Court*, PAINE, J. This action was brought to foreclose a farm mortgage. Several orders were made by the circuit court in pursuance of the act of 1861 relating to the foreclosure of these securities, which act this court has since decided to be unconstitutional. Among others was the order from which this appeal is taken, refusing to change the venue upon an application by the plaintiff based upon the alleged prejudice of the judge.

It is claimed by the respondents' counsel that the order was not appealable. But we clearly think it is, upon the ground stated in the opinion of Justice COLE in the case of *Oatman v. Bond.*

It might also be said, perhaps, to "determine the action" &c., within the first clause of section 10, chapter 264, Laws of 1860; because an application for a change of venue, properly made, divests the court of any authority to proceed with the case. *Baldwin v. Marygold*, 2 Wis., 419; *Rines v. Boyd*, 7 id., 155. Having, therefore, no authority to proceed, if it refuses to change the venue, the action would seem to be determined, unless there is an appeal from such an order.

The act of 1861, chap. 88, sec. 8, provided positively that
these actions should be tried in the county where the mort-
gaged premises, or a part thereof, were situated, subject only
to the right of a change of venue on the application of the
party contesting the validity of the instrument. But that
act, being void, can furnish no support for this order, but it
is left to be determined by the general law regulating the
change of venue. If the application was sufficient under
the statute, it was the imperative duty of the circuit court
to change the venue; otherwise not. The statute provides,
that the "party" shall verify the application by his oath or
affidavit, &c. Section 8, chap. 120, R. S., 1858. In this
case the application was verified by the affidavit of the at-
torney of the plaintiff, which is a foreign corporation, and
the question is, whether that is sufficient. We have no doubt
that a corporation may avail itself of the right to procure a
change of venue on account of the prejudice of the judge.
It is as clearly within the object of the statute as any other
party, and the word "party" includes corporations as well
as others. But the statute says the application must be veri-
fied by the oath or affidavit of the party, and although the
corporation can make no affidavit, and although there is no
particular provision upon this subject as to what officers may
make this affidavit or oath, yet the intention undoubtedly
was that it might be made by such officers or agents as were
authorized, by the general provisions of law, to verify such
pleadings or statements of corporations as were required to
be under oath. In looking at other provisions, it is found
that this right of verification is ordinarily confined to the
officers of the corporation. Thus where a corporation is
summoned as garnishee, the answer on oath is to be by some
officer or the managing agent. R. S., 1858, chap. 130, sec.
46; chap. 148, sec. 1. Undoubtedly a pleading might be ver-
ified by an attorney of a corporation, upon the same state of
facts which would allow such a verification by the attorney
of an individual. But the law specially prescribes when
this may be done; and unless such a state of facts exists as
would justify a verification of a pleading by an attorney of
any other party, a verification by a mere attorney of a cor-

poration would be insufficient, and it should be made by some officer thereof. R. S., 1858, chap. 125, sec. 19. But the law, while prescribing that upon certain facts, a pleading may be verified by an ordinary agent or attorney, has made no such provision in respect to an application to change the venue on account of the prejudice of the judge. It says that must be verified by the oath or affidavit of the party. If, therefore, we would say that an attorney could not verify such an application for an individual who was a party, I think we must say the same in respect to an application by a corporation. When the party himself is required to verify, the law has, in the case of corporations, provided that the officers must do it. And I do not think the courts can, in the case of either an individual or a corporation, say that the affidavit of the attorney is sufficient, where the law says it must be the affidavit of the party.

It may be said that it would be inconvenient in a case like this, where the party is a corporation in Scotland, to procure the affidavit of its officers. That may be so, but it would be equally inconvenient to procure the affidavit of an individual residing there. And if an attorney should be allowed to verify in either case on the ground of convenience, he should in both. But the court has no power to extend the statute, or to supply defects, if such an inconvenience is to be regarded.

It may also be said that the officers of the corporation may not have sufficient knowledge of the facts to enable them to make the necessary oath. If that is so, I think for one that it was not the intention of the statute that the venue should be changed in such cases. If the fact that the corporation is located in Europe renders it improbable that its officers know of any prejudice on the part of a judge in Wisconsin, it renders it equally improbable that any such prejudice existed so far as the party was concerned. And it seems to me that the statute refers to prejudice either for or against the parties, and that it was not the design to allow a change of venue on an affidavit that the judge was prejudiced, which affidavit was based merely upon a knowledge of at-

torneys that the judge had formed an opinion upon the legal questions involved in the case.

Whether this application was based upon such a supposed prejudice or not, does not appear; but if it was, I think it was not within the intention of the statute.

For the reason, therefore, that the application did not comply with the statute, I think the order should be affirmed, with costs.