## CARR VS. THE COMMERCIAL BANK OF RACINE.

Where it appeared that the person on whom the summons and complaint were served in an action against a bank (which was no longer doing a banking business, but was engaged in closing up its affairs), was in the habit of making its semi-annual reports to the bank comptroller, employed attorneys to attend to its business, and was the only person exercising a general supervision over its affairs, it was not error to hold the service upon him good on the ground that he was the "managing agent" of the bank (sec. 1, ch. 148, R. S.), although he made affidavit that he was not such managing agent.

APPEAL from the Circuit Court for *Racine* County.

A motion to set aside a judgment rendered in said court against the defendant, was founded upon an affidavit of H. S. Durand, upon whom the summons and complaint had been served September 14, 1863, that he was not at that time the president or other officer, or the "managing agent" of the defendant.   The motion was resisted upon affidavits and exhibits tending to show that at the first meeting of the directors of said bank, Durand was elected its president, and no other person had since been elected to that office; that semi-annual statements of the names of shareholders in said bank (as re-

Carr vs. The Commercial Bank of Racine.

quired by sec. 9, ch. 71, R. S.) were filed in the office of the
register of deeds of said county from July 6th, 1857, to July
1st, 1861, inclusive, each of which after the first was signed
by said Durand as president, except that the last one was
signed by him with the word "President," at the end of the
name, erased; that a similar semi-annual statement, and also
a semi-annual report as required by sec. 19, ch. 71, R. S., were
made to the bank comptroller July 8, 1863, sworn to and sub-
scribed by said Durand as "attorney" for said bank, the affida-
vit attached thereto stating that the bank had no president or
cashier, and that its affairs were being closed up, and it had
done no banking business for nearly three years; and that the
attorneys who appeared for the bank in the present action were
retained by Durand, and that they consulted with him and
acted under his instructions. The motion to set aside the
judgment was denied; and the defendant appealed.

*Bennett & McClellan*, for appellant.

*H. T. Fuller*, for respondent.

*By the Court*, COLE, J. The testimony offered on the hear-
ing of the order to show-cause why the judgment should not
be set aside, conclusively shows that Durand was the manag-
ing agent of the bank in such a sense as to render service of
the summons upon him a good commencement of the suit
against the bank. It is quite true that Durand swears that he
was not the president, cashier, director or managing agent of
the bank at the time the summons was served upon him. But
when we see how he controlled the business of the bank, made
out the reports which the law requires should be made to the
comptroller in reference to its financial condition, employed
attorneys to defend suits commenced against it, and in short
appears to be the only person who exercises a general super-
vision over its affairs, we are disposed to differ with him as
to the extent of his powers. We have no doubt he is what

the law regards as a " managing agent" of the corporation, and authorized to receive service of process.

The order refusing to set aside the judgment is affirmed.