FARMERS' LOAN & TRUST COMPANY VS. WARRING.

*Justice's Court—Service of summons on corporations—Chaps.* 120 *and* 148, *R. S.*

1. Where a foreign corporation held in trust a railroad in this state, its principal agent in managing the road *held* not to be a "principal officer" of such corporation within the meaning of sec. 18, chap. 120, R. S.
2. The provisions of said chap. 120, and not those of chap. 148, R. S., or the act amendatory thereof, must regulate the service of the summons in an action in justice's court against a corporation.

CERTIORARI to a justice of the peace in *Walworth* County.

*Warring* brought an action against *The Farmers' Loan & Trust Company*, in a justice's court, to recover for a horse killed by a train on the Racine & Mississippi railroad, of which said company was in possession. The summons issued by the justice was returned with a certificate of the sheriff indorsed thereon, that, on &c., he personally served the same "by leaving a true and attested copy with G. A. Thompson, who was at the time, and is now, the general managing agent of said *Farmers' Loan & Trust Company*, he being a principal officer of said corporation." The company appeared specially for that purpose, and plead to the jurisdiction, alleging that it was a foreign corporation, created by and under the laws of New York; and that said Thompson was not a principal officer thereof, nor an officer of any kind, &c. Issue being joined on this plea, the company introduced in evidence, 1. The act by which it was incorporated, and various other acts of the state of New York, amendatory thereto, which empower said company only to make insurance, loan, collect and disburse moneys for other parties, and act as trustees for other parties. 2. Two mortgages or trust deeds, one on the eastern and the other on the western division of the Racine and Mississippi Railroad, running to said company as trustee for the first mortgage bondholders. 3. An agreement executed by the railroad company, giving possession of its said road to said *Loan & Trust Company*, for the benefit of the bondholders. 4. A deposition of said

G. A. Thompson, in which he stated that said *Trust Company* was a New York corporation, having its principal business office in the city of New York; that he was not, and never had been, its president, cashier or secretary; that he had never been, and was not, any principal officer of said company; and that he was acting, in the operation of said railroad, as general manager of the road for the *Trust Company*. The last two statements were objected to by the plaintiff. On cross-examination he was asked: "Are you not the principal officer and agent for the *Trust Company* in operating the Racine & Mississippi Railroad?" *Answer*—"Yes, but I am no general officer of the defendant. There is no other general officer or agent in the state of Wisconsin, in the management of this railroad, that outranks me."

The justice adjudged that he had jurisdiction; and afterwards, in the absence of the *Trust Company*, which refused to appear further in the action, proceeded to try the cause, and rendered judgment in favor of *Warring;* which the plaintiff in error seeks here to reverse.

*Henry T. Fuller*, for plaintiff in error.

*Edward Elderkin*, for defendant in error.

DOWNER, J. Chapter 120, R. S., confers upon justices of the peace limited jurisdiction in civil actions, and provides the form of a summons, and how it shall be served. A summons against a corporation (sec. 18) must be served "by leaving a true and attested copy thereof with the president, cashier, secretary, or other principal officer of such corporation, or at the last and usual place of abode of such president, cashier or other principal officer." Was the summons issued by the justice of the peace against the plaintiff in error served on such officer? The defendant below was a foreign corporation, and held in trust a railroad in this state, and Thompson, with whom a copy of the summons was left, was the principal agent of the plaintiff in error in managing the road. Did this make him a

principal officer of the corporation ?    A principal officer is one whose oversight or agency extends either over the whole or some particular department of the general business of the corporation ;· as a president, who has ordinarily a general oversight over its entire business, a secretary over its records, or a treasurer over its moneys—or at least receiving and paying them out.    Thompson, to be a principal officer within the meaning of the statute, must be clothed with similar general oversight, authority or control.    It is evident that he was not, and must be regarded only as an agent, not as an officer of any kind, much less a principal officer.

We are asked however, to hold the service sufficient under the provisions of chapter 148, R. S., and the act amendatory thereto.    We are of opinion, however, that as there is a special provision in the act concerning justices of the peace, how a justice's summons shall be served on a corporation, that provision exclusively governs.    It follows that there was no service of the summons ; and that the judgment of the court below, being void, must be reversed.

*By the Court.*—Judgment reversed.