STATE OF MISSOURI, Defendant in Error, *v.* JOHN GRABLE, Plaintiff in Error.

1. *Practice, criminal — Change of venue, notice of application for — Not presumed, when.* — This court will not presume that notice of an application for change of venue in a criminal cause was given the prosecuting attorney (Wagn. Stat. 1097, § 19) from the mere fact that the trial court passed upon the application and decided against it, where it does not appear from the record that such attorney was present either to waive notice or to object to its sufficiency.

2. *Practice in criminal cases — Indictment — Court being uncertain where offense was committed, may instruct jury, how.* — In a criminal indictment, the court being in doubt in which of a number of counties mentioned in the testimony the offense was committed, may properly instruct the jury, under the statute (Wagn. Stat. 1087, § 8), to find that the offense was committed in the county over which it had the jurisdiction.

## *Error to Fifth District Court.*

*Tutt & Grubb*, for plaintiff in error.

I. Where the record shows, as in this case, that the application was taken up and considered by the court on its merits, the presumption is that all legal preliminary steps, including notice, had been taken. The notice is no part of the application nor of the record.

II. The seventh instruction given by the court is erroneous. Under it the offense may have been committed in Kansas, and yet the jury were bound to find that the offense, if committed at all, was committed in Buchanan county, in the State of Missouri; and furthermore, it is a declaration of the opinion of the court that the defendant is guilty of the offense, and therefore calculated to prejudice the jury against the defendant.

*Johnson*, Attorney-General, for defendant in error.

In the case at bar there is no evidence that any notice was given; and when the record is silent, the court will presume everything necessary to support the decision of the court below. (State v. McCutchin, 5 Mo. 522.)

CURRIER, Judge, delivered the opinion of the court.

At the February term, 1870, of the Buchanan County Circuit Court, the defendant was indicted for murder in the first degree. At his instance the cause was continued to the next succeeding May term of that court. In the course of the May term, the defendant applied to the court for a change of venue, assigning as ground for the change that the judge holding the court was prejudiced against him. The application was verified, presented, and overruled on the same day. A trial was subsequently had, which resulted in conviction. It is now sought to reverse the judgment because of supposed error in the action of the court in overruling the application for a change of venue, and because of a supposed misdirection of the jury in regard to the locality of the alleged offense.

1. The application for a change of venue was by a petition, verified by affidavit, according to the directions of the statute (2 Wagn. Stat. 1097, § 19); but the record fails to show affirmatively that any notice of the application was given to the prosecuting attorney. The statute, *ubi supra*, enacts that " a reasonable previous notice of such application must be given to the prosecuting attorney." That the statute requires the notice indicated, is conceded; but· the defendant's counsel insist that notice is to be inferred from the fact disclosed by the record, that the application was " taken up and considered by the court;" that the legal presumption from that circumstance is that " all legal preliminary steps, including notice, have been taken."

The general rule is that legal intendments and presumptions are to be employed in support of the action of ·the trial court, and not in opposition to it; to cure defects, and not to create error. But we are here asked to presume the existence of facts not appearing upon the face of the record, in order to show that the decision of the trial court was wrong, and that its judgment ought consequently to be overturned.

The statute requires a " previous " notice. The record not only fails to show that notice, or any notice, but it also fails to show that the prosecuting attorney was present when the applica-

tion was taken up and considered by the court, or that he had any knowledge whatever of the proceeding. For aught the record shows, the application was overruled for no other reason than that the attorney was absent, and that notice to him of the application was not shown. The record entry is this: The defendant " files his petition and affidavit for a change of venue in this cause, which, being taken up and considered, is overruled." That is all the record contains, bearing upon the question of notice, and there is nothing to show whether the prosecuting attorney was present or absent at the time. Had the record shown the presence and participation of the attorney for the State, that possibly might have laid the foundation for the pre-sumption that the notice was either given or waived, no objection on the ground of want of notice appearing.

In Baldwin v. Marygold, 2 Wis. 419, cited by the defendant's counsel, it appears that the counsel of the adverse party was present in court, and that he opposed the application upon the ground that the notice was insufficient. The court, however, held that, under the statute of Wisconsin, the fact that the application was presented in open court, in the presence of the adverse counsel, constituted a sufficient notice. The record in the case before us fails to show the fact which appears to have controlled the Wisconsin decision. It does not appear that the prosecuting attorney was present, either to waive the notice or to object to its sufficiency.

These notices are treated with liberality, but it is not shown that any appellate court has gone so far as to presume notice, or the presence of opposing counsel, from the mere fact that the trial court passed upon an application and decided against it. In the absence of anything to the contrary, the more reasonable and legitimate presumption in such a case would seem to be that the court acted properly, and that its decision was based on just and legal grounds.

2. The instruction objected to directed the jury, in case they found the other facts necessary to a conviction, " to find that the offense was committed in the county of Buchanan"—the court, so the instruction informed the jury, being in doubt as to the par-

ticular county in which the offense was in fact committed. The statute (Wagn. Stat. 1087, § 8) provides that where "there is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either county in which the indictment is found shall have jurisdiction of the offense." The instruction was founded upon that provision, and told the jury, in effect, that as the court was in doubt as to which of the counties mentioned in the testimony the offense was committed in, the jury should proceed as though the offense was committed in Buchanan county, where the indictment was found. There is nothing here to prejudice the rights of the defendant, or to mislead the jury. In the main the instructions appear to have been satisfactory to the defendant's counsel. The court gave fourteen upon its own motion, and only one of them is objected to. In the mass of matter, it was fortunate that so little appears to attract adverse criticism.

Upon the whole, the defendant appears to have had a fair and legal trial; and the record fails to show cause for a reversal of the judgment on account of the action of the court in overruling the application for a change of venue. In a word, the record fails to show any error in the action of the trial court.

The judgment must therefore be affirmed. The other judges concur.