## No. 4993.

### S. FERNANDEZ & Co. v. ELIAS MILLER.

The affidavit on which the writ of provisional seizure issued in this case is insufficient. It was made by a person not shown to be one of the parties, or their attorneys, or a party to the suit.

The affidavit authorized and prescribed by the law is one made by the party or his attorney. One made by any other person is not authorized by the law, and, as the formalities required in the issuance and execution of these harsh remedies must be strictly observed, the affidavit in this instance must be held invalid.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Guidry*, Parish Judge of the parish of Terrebonne and acting judge of the Fifteenth Judicial District Court. *J. B. Robertson, Bush & Guion*, for plaintiffs and appellants. *Goode & Winder*, for defendant and appellee.

HOWELL, J. The plaintiffs instituted suit against the defendant on a rent note for $2000, and caused the movables on the plantation rented to be provisionally seized. The defendant moved to dissolve the provisional seizure, with $1000 damages, on the ground "that the order granting the writ was signed by the parish judge, when there was no affidavit by the plaintiff or his attorney showing that the district judge was absent from the parish."

The writ was set aside, and damages in the sum of $1000 allowed, from which plaintiffs appealed. The affidavit on which the writ was granted was made by one R. R. Barrow, not shown to be one of the plaintiffs or their attorneys, or a party to the suit. The affidavit authorized and prescribed by the law is one made by the party or his attorney. C. P. 128; R. S. 2027. One made by any other person is not authorized by the law, and as the formalities required in the issuance and execution of these harsh remedies must be strictly observed, the affidavit in this instance must be held invalid.

But we think the damages allowed are excessive. The defect is technical and does not affect the right of the plaintiffs to or the necessity for the writ, while the evidence shows that a seizure of the same prop-

Fernandez v. Miller.

erty was made at the same time, or a very few days previously, on a writ in another suit, by another party, on a rent note due a year or two before and given under the same lease as the one in this suit. It is clear, then, that any damage that may have resulted to the defendant from the seizure of his property, affected by the lessor's privilege and pledge, would have been caused whether the writ in this case issued or not. All the damages he can properly claim from the plaintiffs, under the circumstances, is a reasonable fee of counsel for setting aside the writ, the expenses of which will have to be borne by the plaintiffs. We think a fee of $100 is ample in this case for the services of counsel in having the writ set aside.

No objection having been made to the investigation on the demand for damages, it is too late now to urge any.

It is therefore ordered that the judgment for damages be reduced from $1000 to $100, and as thus amended the judgment appealed from be affirmed. Defendant and appellee to pay costs of appeal.