W. E WEAVER v. J. R. ROBERTS.

*Amendment—Attachment Proceeding—Affidavit of Attorney.*

1. The court has power to allow an amendment of a printer's affidavit so as to show the date upon which the publication of a summons began.

2. An affidavit to obtain an order of publication of summons in attachment proceedings may be made by an agent or attorney, and the same is not subject to exception where the requirements of section 83 of the Code are complied with.

(*Wolfe* v. *Davis,* 74 N. C., 597; *Bruff* v. *Stern,* 81 N. C., 183; *Wheeler* v. *Cobb,* 75 N. C., 21; *Hess* v. *Brower,* 76 N. C., 428, cited and approved)

MOTION to set aside a judgment heard at Spring Term, 1880, of BUNCOMBE Superior Court, before *S:henck*, *J.*

Motion refused and defendant appealed.

*Mr. C. A. Moore*, for plaintiff.

*Mr. J. H. Merrimon*, for defendant.

RUFFIN, J. This was a motion to set aside a judgment because of irregularities in the following particulars: 1st. That the affidavit of the printer, as to the publication of the summons and warrant of attachment in his newspaper, failed to state the day on which such publication began. 2nd. That the affidavit for publication was made by the attorney of the plaintiff instead of by the plaintiff in person. 3rd. That such affidavit of the attorney for publication was insufficient because it failed to set out the sources of his information.

When the motion was heard in the superior court the presiding judge allowed the affidavit of the printer to be so amended as to show the true date upon which the publication began, and declined to set aside the judgment for any of the reasons assigned, and the defendant excepted; and also to the action of His Honor in allowing the amendment in the printer's affidavit.

1. That the court had the power to allow the amendment in the printer's affidavit, and that it was rightfully exercised in this instance cannot, we think, be doubted. It was not denied that the publication was in fact made according to the terms of the order of publication and the requirements of the law as to time and place; and the amendment allowed extended no further than to make the record speak the truth as to what was really done. So that it comes strictly within the rule as laid down in *Wolfe* v. *Davis*, 74 N. C.. 597.

2. Neither do we see why the affidavit upon which the

order of publication was moved for might not have been made by the plaintiff's attorney. The statute does not prescribe by whom it shall be made, but only provides that the order may be granted when the defendant cannot, after due diligence, be found within the state and "that fact shall appear by affidavit" without saying by whom. The distinction in this particular between the verification of complaints which call for answers from parties on oath and those affidavits which seek only ancillary remedies or orders in the progress of a cause, is clearly pointed to in the case of *Bruff* v. *Stern*, 81 N. C., 183. And by reference to the cases of *Wheeler* v. *Cobb*, 75 N. C., 21, and of *Hess* v. *Brower*, 76 N. C., 428, it will be seen that the affidavit was made by the attorney of the party in one and by an agent in the other, and in neither case was there any point made as to the sufficiency of the affidavit, either in the court below or in this court.

3. The affidavit of the attorney, made in this case, distinctly sets out that the summons had been regularly issued and placed in the hands of the sheriff, who had returned it not served and for the reason that the defendant could not after diligent search be found in the county; and further, that the plaintiff and his attorney had, both, after the exercise of all due diligence, been unable to find him within the state; and this was quite as full as it was required to be by the statute. C. C. P., § 83.

The defendant's counsel took other exceptions in his argument before us; but as the record shows they were not taken in the court below, we have given them no consideration.

No error.                                             Affirmed.