The Wheeler & Wilson Manuf'g Co. vs. Lawson and another.

duly taken the court would, doubtless, have required the plaintiff so to amend his complaint that it should conform to the new statute; that is to say, he would have been required to make a good bill in equity, and the cause would have proceeded as an action in equity. In that case there could be no doubt of the right of the plaintiff to full costs. The fact that the complaint needed no amendment can make no difference. The subject matter of the action was properly cognizable in a court of equity; the complaint is in the form of a bill in equity; and the legislature has provided in effect that the action shall proceed to judgment as an equitable action. The statute affects the remedy only, and we perceive no valid objection against it.

Our conclusion is that the court properly awarded full costs to the plaintiff, although he recovered less than $200.

*By the Court.*— Order affirmed.

THE WHEELER & WILSON MANUFACTURING COMPANY vs. LAWSON and another.

*March 17 — April 4, 1883.*

*Change of venue — Who are officers of a corporation?*

An affidavit, on behalf of a corporation, for a change of venue on the ground of the prejudice of the judge, must be made by an *officer* of such corporation; and the general or managing agent within this state of a corporation of another state is not such officer.

APPEAL from the Circuit Court for *Racine* County.

The appeal is from an order denying the plaintiff's application for a change of venue on the ground of the prejudice of the judge. The material part of the affidavit upon which such application was based will be found in the opinion.

For the appellant there was a brief by *Frisby, Turner & Bakeman*, and oral argument by *H. W. Chynoweth.* They cited: *Western Bank v. Tallman*, 15 Wis., 93: R. S., sec. 2637, subd. 10, 11; *Upper Miss. Trans. Co. v. Whittaker*, 16 Wis., 220; *Carr v. Bank*, 18 id., 255; *S. C.*, 19 id., 272; *Schroudenbeck v. Ins. Co.*, 15 id., 633; *Market Nat. Bank v. Hogan*, 21 id., 317; N. Y. Code, sec. 157; *Glaubensklee v. H. & A. Packet Co.*, 9 Abb. Pr., 104; *Shaft v. Phoenix Mut. Life Ins. Co.*, 67 N. Y., 544; *Booth v. Cleveland Mill Co.*, 74 id., 15.

For the respondents there was a brief by *Quarles & Winslow*, and oral argument by *Mr. Quarles.*

ORTON, J. The motion for a change of venue, made on behalf of the plaintiff on account of the prejudice of the judge, was denied. The plaintiff is a corporation of the state of Connecticut, and the affidavit was made by one James M. Beach, who alleges therein that he is "general agent and managing agent of the plaintiff's corporation in this state of Wisconsin, and is duly authorized by said plaintiff to make, and does make, this affidavit for and in its behalf." The ground upon which the motion was denied, was that the affiant was not authorized by law to make the affidavit, and whether he was so authorized is the only question here.

The only person who is expressly authorized by the statute (sec. 2625, R. S.) to make such an affidavit, is the *party* himself, and as a corporation cannot make an affidavit as a party, it is not included within the *express* terms of the statute. But these express terms have been enlarged by construction to embrace a corporation as a party, by a decision of this court, which must be held to be conclusive of the question. Therefore, from necessity, some person other than the corporation itself must make the affidavit in its behalf.

In *Western Bank of Scotland v. Tallman*, 15 Wis., 92, it was so decided, and it was held, also, that such person should

be an officer of the corporation, and not a mere attorney or agent. The difficulty of extending the statute by construction to embrace corporations was clearly perceived by the learned judge who wrote the opinion in that case, as appears by the expression of his own individual opinion that if no officer of the corporation knew the fact of such prejudice and was competent to make the affidavit, while an agent or an attorney might have such knowledge, it was not the intention of the statute that the venue should be changed in such cases. Another difficulty of such a construction seems to have been apparent in the meaning of the word " prejudice," as used in the statute, which was held to mean the prejudice of the judge against the party *personally*, and not a prejudgment or opinion of the legal questions involved. In order, therefore, to solve this difficulty and bring corporations within the meaning and spirit of the statute, it was held virtually that inasmuch as the corporation itself could not make the affidavit, some person who most fully represented the corporation, and was as near in identity with and as much interested in it as possible, should make it, viz., an officer of the corporation. There is great force in this view of the question. We can scarcely conceive how a judge can be prejudiced against a corporation *personally*. A corporation is a mere artificial or fictitious person, which has no existence except by law, and can have no natural or moral qualities, and is incapable of action, character, or conduct in itself. It can act and have character only through those persons who manage its affairs, and it is only in view of such official character, conduct, and management that it is possible for any person to have a prejudice against it. The affidavit charging such prejudice should, therefore, be made by officers whose position and duties make them responsible for the character and conduct of the corporation, and who can personally have knowledge of such prejudice of the judge. It is necessary and proper to charge

that such prejudice exists against the corporation itself, but such a charge is substantially against those who act for it and give it character.   It is said in the opinion in the above case that "the intention undoubtedly was that it (such an affidavit) might be made by such officers or agents as were authorized by the general provisions of law to verify such pleadings or statements of corporations as were required to be under oath," and the law authorizing certain officers or the "managing agent" of the corporation to answer under oath, in garnishee proceedings, is referred to; and the statute authorizing an agent or attorney in certain cases to verify pleadings is held special and exceptional, applying only to such cases.   Sec. 19, ch. 125, R. S. 1858; sec. 2666, R. S. 1878.

In *Farmers' L. & T. Co. v. Warring*, 20 Wis., 290, it is held that "the general managing agent" or the "general manager" of the railroad is not a "principal officer" of the company, upon whom a summons can be served, by sec. 18, ch. 120, R. S. 1858, and it is said, *arguendo*, that such managing agent is not an officer at all.

In *Market Nat. Bank of N. Y. v. Hogan*, 21 Wis., 317, it is held that an attorney or agent of a corporation may verify pleadings in the special cases mentioned in sec. 2666, R. S., the same as an attorney or agent of any other party, but that in all other cases, according to the last clause of said section, an *officer* of the corporation must do so.

The statute authorizing an attorney or agent of the corporation to verify the pleading where he has possession of the instrument for the payment of money, etc., cannot be made applicable to this case, and it must, therefore, fall within the last clause of the section by which the officers of the corporation alone can verify the pleadings.

In view of the decision in *Bank v. Tallman, supra*, and the general statutes authorizing certain persons to make affidavits and verifications for corporations, we are not prepared

to say, notwithstanding the *dictum* in the opinion of Mr. Justice DOWNER in *Farmers' L. & T. Co. v. Warring, supra,* that a general manager of a railroad company or other corporation is not an officer within the meaning of the statute, and that the general manager of any corporation is not an officer of such corporation.   The very term implies a general supervision of the affairs of a corporation in all departments; perhaps to a greater extent than is implied by the term, any other single officer so called, such as president, cashier, secretary, treasurer, etc.   General manager is usually understood to designate the person who really has the most general control over the affairs of a corporation, and who has knowledge of all of its business and property, and who can act in emergencies on his own responsibility.   It is really a very high office, and is so generally understood to be, and I think it is the principal office, and the incumbent the "principal officer;" and I think, further, that he has the authority to make an affidavit for a change of venue as an officer, but we do not so decide, for it is not necessary in this case.   The affiant in this case does not pretend that he is the general manager of the corporation plaintiff, but only the "general agent" or "the managing agent" *within this state.*

"The managing agent," as defined in *Upper Miss. Trans. Co. v. Whittaker,* 16 Wis., 220, is an agent having a general supervision over the affairs of the corporation, and as defined in *Carr v. Commercial Bank,* 19 Wis., 272, he would seem to have all the powers of the general manager of a corporation.   But the affiant's duties and authority were not *general,* but limited to this state.   He is not *the* managing agent, but *a* managing agent of the corporation.   There may be, and probably are, many such managing agents of this corporation.   A person may be the managing agent in a county or other defined district only, but would fall short of being the managing agent of the corporation, having super-

vision over all of its affairs. He would only have supervision over a small part of the affairs of the corporation. Both designations are used in the affidavit, such as "general agent and managing agent," and he was nothing more than the agent of the company within this state, with perhaps general powers within such district, and he may have but little to do with the general concerns of the company at large. He is in no sense an officer of the corporation, such as the general manager may be, and probably is. We hold, therefore, that a person, to be authorized to make the affidavit for a corporation when a party to a suit, in order to change the venue in the case by reason of the prejudice of the judge, must be an _officer_ of such corporation, and that the person who made the affidavit for a change of venue in this case was not an officer of the corporation plaintiff, and that he was, therefore, not authorized to make such affidavit.

_By the Court._— The order of the circuit court is affirmed.