# MARTIN v. MARTIN & BOWNE COMPANY.

---

TRADEMARKS; NOTICE OF OPPOSITION; AFFIDAVITS; CONSTRUCTION OF STATUTES; REMEDIES UNDER TRADEMARK ACT OF 1905.

1. The requirement of section 6 of the trademark act of Congress of February 20, 1905, providing that a notice of opposition shall be verified by the party filing the same, is not satisfied by the filing of such notice by a party, verified by his attorney, even though such party is out of the country.

2. In construing a statute, the intent of the legislature is to be found in the plain language of the enactment; and considerations of incon-

venience and hardship cannot justify a judicial addition to the letter of the statute. (Following *Ohio Nat. Bank* v. *Berlin*, 26 App. D. C. 218.)

3. *Quære*, Whether, when a statute requires an oath to be made by the party to certain proceedings, and the party is a corporation, the oath may be made by its duly authorized agent, who has personal knowledge of the facts.

4. Although the owner of a trademark has lost his right to oppose registration thereof by another, by failure to comply with the requirements of section 6 of the trademark act of Congress of February 20, 1905, he may still protect his right of property by the usual remedies at law and in equity, and he may possibly obtain a remedy through a declaration of interference under section 7 of that act, or by a proceeding for cancelation under section 13.

No. 339. Patent Appeals. Submitted January 12, 1906. Decided February 6, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents granting a motion to quash an opposition to the registration of a trademark. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Joseph L. Levy* and *Mr. O. E. Edwards, Jr.*, for the appellant.

*Mr. Clifford E. Dunn* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This appeal has been prosecuted by William L. Martin from the decision of the Commissioner of Patents quashing his opposition to the registration of a trademark applied for by Martin & Bowne Company.

On April 7, 1905, Martin & Bowne Company filed an application for the registration of the word "Marguerite," a trademark for tooth brushes.

This application conformed to the requirements of the trademark act approved February 20, 1905, and the required notice thereof was given.

Within the time limited by the law, an opposition thereto was filed by William L. Martin, through his attorney, Joseph L. Levy. The grounds of this motion were, in substance, that William L. Martin was an incorporator and president of the Martin & Bowne Company. That prior to the incorporation said William L. Martin had adopted and used the word "Marguerite" as a trademark for tooth and toilet brushes and had registered the same. That said Martin has not abandoned his exclusive ownership of the mark, and is now the owner of the legal title thereto. That the said Martin & Bowne Company is not the owner of the trademark, and that a certificate of registration cannot legally be issued to it as against the said William L. Martin.

This opposition was supported by the following affidavit:

United States of America,        }
City, County, & State of New York, } ss.:

Joseph L. Levy, being duly sworn, deposes as follows:

I am the attorney for the said William L. Martin, the opponent herein. The said William L. Martin is in Europe, and will not, I am informed, return to the United States until the latter part of June, 1905. That the above-recited allowed application for registration by the Martin & Bowne Co. was published in the Official Gazette of the United States Patent Office, on the 16th day of May, 1905. That the allegations made in paragraphs 1, 2, 3 & 4 of the foregoing opposition are true to the best of his knowledge and belief, and as to those alleged on information and belief, I believe them to be true. That said information is derived from statements made to me by others who allege they have knowledge of the facts. That the absence from this country of the said William L. Martin is the reason why I make this verification.

The Martin & Bowne Company moved to quash this opposition, on the grounds: First, that the same had not been verified by the said Martin; second, that the attorney had no authority to file the same on behalf of William L. Martin; and, third, that the grounds of the application are insufficient.

The Examiner of Interferences sustained the motion to quash cn the first and third grounds.

On appeal, the Commissioner held that the application set forth sufficient grounds of opposition, but affirmed the decision because the opposition had not been verified by the party.

Section 6 of the act contains the following provision: "Any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor, in the Patent Office, within thirty days after the publication of the mark sought to be registered, which said notice of opposition shall be verified by the person filing the same before one of the officers mentioned in section 2 of this act." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 671.]

Construing this provision, the Commissioner said: "It thus appears that the person making the opposition must be the one who would be damaged by registration, and that such person must sign and verify the notice of opposition. The general principle that what a party may do in person he may do by agent has no application here, since the statute requires the personal cath of the party. The making of an oath to a statement of facts cannot be delegated."

We agree with the Commissioner of Patents that where a statute requires an oath to be made by a party, as in this instance the cne who may believe himself damaged, it is not satisfied by the affidavit of his attorney or agent.

The intent of the lawmakers is to be found in the plain language of their enactment. Considerations of inconvenience and hardship growing out of the brief period allowed for the opposition, or the absence of the damaged party, as was the case here, may well operate upon the makers of the law, but cannot justify a judicial addition to the letter of the statute. *Ohio Nat. Bank* v. *Berlin,* 26 App. D. C. 218, and cases cited.

The practice acts of the States which have come under our observation generally provide that a required oath, particularly in the case of ancillary proceedings and remedies, may be made by the party, his agent, or attorney. Such as do not in terms au-

thorize it to be made by the agent or attorney have generally, if not uniformly, been held to exclude them. *Huthsing* v. *Maus,* 36 Mo. 101, 107; *Lewin* v. *Dille,* 17 Mo. 64, 69; *Davis* v. *John Mouat Lumber Co.* 2 Colo. App. 381, 387, 31 Pac. 187. The following cases, while not directly in point, are governed by the same principle: *Fernandez* v. *Miller,* 26 La. Ann. 120; *Dodge* v. *Northwestern Union Packet Co.* 13 Minn. 458, Gil. 427; *Wheeler & W. Mfg. Co.* v. *Lawson,* 57 Wis. 400, 15 N. W. 398; *Clark* v. *Miller,* 88 Ky. 108, 112, 10 S. W. 277; *Bruff* v. *Stern,* 81 N. C. 183, 190; *Weaver* v. *Roberts,* 84 N. C. 493, 495. In the two cases last named an ancillary remedy in a pending action, obtained upon the oath of the attorney familiar with the facts, was upheld because the statute required that the facts authorizing the same "shall appear by affidavit," without naming any particular person who should make it. In some instances, where the statute required an oath to be made by a party, it has been held that in case of a corporation the oath might be made by its duly authorized agent, who had personal knowledge of the facts. Of this nature is the single authority relied on by the appellant. *Re Chequasset Lumber Co.* 112 Fed. 56, 58. See also *Wheeler & W. Mfg. Co.* v. *Lawson, supra.* The reason on which these decisions rest is that, while the corporation, as the party to the proceeding, is entitled to the benefit of the statute, it can only act by agent; and, hence, that the power to obtain the conferred benefit through the oath of its agent must be inferred.

The conclusion seems to be a reasonable one, but the question is not involved in this case, and we express no opinion in respect of it.

The right to oppose the registration of a trademark conferred by the section under consideration is a special one, and, though deprived of its assertion by the enforcement of the letter of the statute, the appellant is not deprived of his right of property in the trademark sought to be registered by the appellee, if, as a matter of fact and law, he is the true owner. Aside from the usual remedies at law and in equity for the protection or recovery of property rights, he may possibly obtain a remedy through

a declaration of interference under section 7, or by a proceeding for cancelation under section 13.

However this may be, the decision appealed from was right, and must therefore be affirmed. It is so ordered, and the clerk will certify this decision to the Commissioner of Patents as the law requires.                                                          *Affirmed.*