No.——

First Circiut Appeal.

## LAWRENCE M. BOURGEOIS v. W. W. TOWNSEND

(Feb. 18, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Pleading—Par. 59.**

Where the allegations of a petition as a whole show clearly that complaint is by B. the petitioner, and the prayer of the petition is in favor of B., the petitioner and not through W., the agent, the body of the petition; and the prayer being construed together, leave no doubt that the relief is for B., the plaintiff,

and must control the mere declaration in the opening paragraph, "through W., agent". .

**2.    Louisiana    Digest—Pleading—Par.    59. Landlord and Tenant—Par. 97.**

Article 216 of the Code of Practice provides that where an oath of a party is required it may (in case of the absence of said party) be made by its agent or attorney. Under Article 217 of the Code of Practice, this authority is granted in cases involving provisional seizure.

**3.  Louisiana Digest—Pleading—Par. 15, 59. Landlor and Tenant—Par. 97**

Under Articles 216 and 217 of the Code of Practice, cases where the complaining party is absent the authority to make the affidavit is specifically conferred on plaintiff's agent or attorney and is not restricted to the principal or his attorney as provided in Article 128 of the Code of Practice.

Appeal from the Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a suit coupled with a provisional seizure for the collection of notes due monthly for the payment of rent under a lease. There were two exceptions filed; one to the capacity of the party suing, and the other that there was no proper affidavit authorizing the issuance of the writ of Provisional Seizure.

There was judgment maintaining the exceptions. Plaintiff appealed.

Judgment reversed and case remanded for trial according to law.

A. J. Finney, of Covington, attorney for plaintiff, appellant.

Victor E. Plauche, of Covington, attorney for defendant, appellee.

MOUTON, J. In the opening paragraph of this petition Lawrence M. Bourgeois alleges, as follows:

"The petition of Lawrence M. Bourgeois, formerly a resident of St. Tammany Parish, State of Louisiana, and appearing and acting herein through his constituted and authorized agent, George P. Wright of Covington, Louisiana, with respect, reprsents."

He thereafter alleges he had leased certain premises to W. W. Townsend for one year from Feb. 1, 1924, to the 31st day of January, 1925, for which Townsend has issued his notes, at $40.00 per month, and payable monthly. Further he alleges that according to the stipulations of the lease, if Townsend, lessee, failed to pay any of the notes at maturity, the rent for the whole unexpired term of the lease would become exigible. Alleging that Townsend had failed in his payment of the rent for the months of May, June, July and August, 1924, Bourgeois prayed for judgment against Townsend for $400.00, amount alleged to be due for the unexpired portion of the lease. Bourgeois, alleging that he feared Townsend would remove the furniture from the leased property, asked for the issuance of a provisional seizure to protect his rights. His prayer in the petition is for judgment in his favor, and for the maintenance of his lien as lessor on the goods seized. The affidavit for the issuance of the writ is made by George P. Wright, who, in the opening pargaraph of Bourgeois' petition above reproduced, Bourgeois declares was his constituted and authorized agent. In the affidavit, Wright swears that he is the lawfully constituted agent of Lawrence P. Bourgeois, who was, at the time, absent from the parish.

To this petition defendant filed the following exception:

That the petition discloses no right of action and no proper parties, plaintiffs, authorized to file this suit and stand in judgment.

That there is no proper affidavit authorizing the issuance of the writ of Provisional Seizure sued out.

The court maintained the exception, holding that there are no proper parties before the court, and no proper affidavit authorizing the issuance of the Provisional Seizure.

As plaintiff distinctly alleged that defendant had defaulted in the payment of his rent which had the effect, under the terms of the lease, to render exigible the subsequent installments, it is evident that the petition disclosed a right of action. The attorneys for the defendant, if we appreciate their defense correctly, are not contending that no cause of action is disclosed by the petition, but are asking for the maintenance of the judgment on the points sustained by the trial judge. We will pass upon these two points in the order presented in the judgment appealed from.

In the first paragraph of the petition to which reference has been heretofore made, Bourgeois declares that George P. Wright was his duly constituted agent, and that he was appearing and acting through his agent. Grounding himself on this declaration defendant contends that the suit is brought in the name of the agent. The allegations of the petition, as a whole, show clearly that the complaint is by Lawrence M. Bourgeois, petitioner, against defendant, lessee, and the prayer of the petition is for judgment in favor of Bourgeois, petitioner, and not through Wright, agent The body of the petition and the prayer which must be construed together, leave no doubt that the relief demanded is for Bourgeois, plaintiff, and must control the mere declaration in the opening paragraph, through Wright, agent. There is therefore a proper party plaintiff before the court, and the lower court fell into an error in holding there was not.

The other point is that there was no proper affidavit authorizing the issuance of the provisional seizure.

In the first paragraph of the petition, it is expressly declared by Bourgeois, plaintiff, that he was formerly a resident of St. Tammany Parish, and Wright was his constituted and authorized agent. The allegation that he was formerly a resi-

dent of St. Tammany Parish, clearly conveys the meaning that he was then absent from the parish, and gives a reason for the appointment of Wright, as his mandatary. In the affidavit for the writ, Wright swears that he is the lawfully constituted agent of Bourgeois, and that the latter was then absent from the State of Louisiana. The allegation or declaration of the petition taken in connection with the affidavit make it very evident that Wright had the authority as an agent to represent plaintiff, then an absentee. This authority was not, however, as before stated, conferred upon Wright to institute the suit, as this was done by Bourgeois, his principal. In the petition, plaintiff asked for the issuance of the writ, and the affidavit was taken by Wright, as agent, for that purpose. The sole question is as to whether he was, as agent, authorized to take the oath to obtain the writ.

The contention of counsel for defendant on this proposition is that Wright had no such power because in a case of this character, and in all conservatory writs, the affidavit must be made by principal or his attorney. In support of this contention, defendant relies on the case reported in S. Fernandez & Co. vs. Elias Miller, 26 La. Ann. 120. In so holding in that case, the court refers to C. P. Art. 128. An examination of this article will show that it refers to the power of parish judges to issue orders in the absence of district judges and other parish judges when absent or recused.

In such cases Article 128 provides that the affidavit should be made by the party complaining or his attorney. This is not the situation here. The instant case is governed by Article 216, C. P. which says: "In all cases when by any provision of this Code, an oath of a party is required, it may (in case of the absence of said party) be made by its agent or attorney"; and by Article C. P. 217, which grants this authority to cases involving provisional

seizure. In cases where the complaining party is absent, the case here, the authority to make the affidavit is specifically conferred on his "agent or attorney," and is not restricted to the principal or his attorney as provided for in Article 128 referred to in S. Fernandez & Co. vs. Elias Miller, 26 La. Ann. 120, the decision submitted by defendant in support of his defense. We therefore hold that Wright, the agent,. had the right to make the affidavit for his · absent principal.

Counsel for defendant, appellee, moves to dismiss the appeal claiming that as the case was filed in the name of the agent, of necessity Wright, agent, should have taken the appeal in his name. The nature of this motion, which presents the very marrow of the question at issue, made it possible for us to consider it in the order in which such motions are usually disposed of. ur ruling, for the reasons above given naturally disposes of this motion to dismiss, which is denied.

It is therefore ordered, adjudged and decreed that judgment appealed from be avoided and reversed; it is further ordered and decreed that the exceptions filed by defendant be overruled and that this case be remanded for trial according to law, appellee to pay the cost of appeal, those of the lower court to abide the decision of the case.