## STEVENS v. BURR ET AL.

VENUE, CHANGE OF FROM JUDGE.—*When Party Himself Must Make and File Affidavit for.*—*Attorney.*—An affidavit for a change of the venue of a cause from the judge, made upon the grounds mentioned in specification 7, section 207, 2 R. S. 1876, p. 116, must be both made and filed by such party himself, and not by his attorney.

From the Ripley Circuit Court.

*S. M. Jones* and *H. W. Harrington*, for appellant.

WORDEN, J.—This was an action by the appellant, against the appellees, for the recovery of certain real estate.

Issue, trial, verdict and judgment for the defendants.

The only question presented by the record is, whether the court erred in overruling an application for a change from the judge of the court trying the cause.

The following was the affidavit on which the application for a change was made, after entitling the cause:

"Samuel M. Jones upon his oath says, that he is the attorney for the plaintiff in the above action; that he believes that the plaintiff, Levi E. Stevens, who is not a resident of the State of Indiana, can not have a fair and impartial trial in said cause before John G. Berkshire, Judge of said court, owing to his bias and prejudice now existing towards the plaintiff and his attorney.

"SAMUEL M. JONES."

"Sworn," etc.

The statute (2 R. S. 1876, p. 116, sec. 207) provides, that "The court in term, or the Judge thereof in vacation, may change the venue of any civil action upon the application of either party, made upon affidavit, showing one or more of the following causes:"

Then follow seven specifications, the seventh of which is as follows:

"Seventh. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending, the said court shall grant a change of venue."

It will be seen that the general provision is, that a change may be granted, "upon the application of either party made upon affidavit," without specifying by whom the affidavit is to be made. But when the seventh specification is reached, providing for a change on the ground of the bias, prejudice, etc., of the judge, the affidavit is required to be both made and filed by the party asking the change.

In Shattuck v. Myers, 13 Ind. 46, the application does not appear to have been made for a change from the

judge on the ground of bias or prejudice, or, indeed, from the judge at all.

In that case it was held, that there were cases in which the affidavit might be made by persons not parties to the action, but that it was discretionary with the court to grant or refuse the application on such affidavit.

We do not decide, where the application for a change is made on the other grounds specified in the statute, whether the affidavit may be made by a stranger to tne record; or, if so, in what cases it may be thus made. Nor do we decide, whether, on an affidavit made by a stranger to the record, it would be discretionary with the court to grant or refuse the change.

Where the application is made on the ground stated in the affidavit in this case, the affidavit must be both made and filed by the party. The language ot the statute is explicit, and admits of no other construction. The right to a change depends upon the statute, and the party asking it must take it on the terms prescribed by the statute, or not at all.

The judgment below is affirmed, with costs.