·No. 8549.

HESHION v. PRESSLEY.

PRACTICE.—*Change of Venue.*—*Change of Judge.*—*Affidavit.*—Under the provisions of section 207 of the civil code of 1852, as amended by the act of March 5th, 1877 (Acts 1877, Reg. Sess., p. 103), the application for a change of judge could only be made upon the affidavit of a party to the suit; but the application for a change of venue might be made upon the affidavit of any person, whether a party to the suit or not, showing the necessary facts.

From the Marion Circuit Court.

*J. B. Julian, J. F. Julian, J. L. Griffiths* and *A. F. Potts,* for appellant.

*J. N. Scott, W. W. Herod* and *F. Winter,* for appellee.

HOWK, J.—This was an action of replevin by the appellant against the appellee to recover the possession of certain articles of personal property. In his verified complaint, the appellant alleged that he was the owner and entitled to the possession of the property described, of the aggregate value of $800.65; that the same had not been taken for a tax assessment or fine, pursuant to a statute, nor seized under an execution or attachment against the appellant's property; but that said property had been wrongfully taken, and was un-

lawfully detained by the appellee, at said Marion county. Wherefore, etc.

The appellee answered by a general denial of the complaint. The issues joined were tried by the court without a jury, and a finding was made for the appellee, the defendant below, and the value of the property assessed at one thousand dollars. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment that the property described in the complaint in this cause be returned to the appellee, and, if a return thereof can not be had, that the appellee recover of the appellant the sum of one thousand dollars, the value thereof, and his costs in this action expended.

The only error properly assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial. The causes assigned by him for such new trial were as follows:

1. Because the finding of the court was contrary to law and evidence;

2. Because the finding was excessive and unsupported by the evidence; and,

3. Because the court erred in overruling the appellant's motion for a change of venue.

The only question presented and discussed by the appellant's counsel, in their brief of this cause in this court, arises under the third cause assigned for a new trial, namely, the alleged error of the circuit court in overruling the appellant's motion for a change of venue. This motion was founded upon and supported by the affidavit of one Patrick C. Leary, in substance, as follows: That he was the agent of the appellant, and was superintending the appellant's store in the city of Indianapolis, and, for and on behalf of the appellant, who was at his home fourteen miles distant from said city of Indianapolis, where this suit was pending, and was unable to reach Marion county or make said affidavit in person in time for the calling of this cause, on Friday morning the 27th inst., and for the further reason that the appellant was in-

formed by his attorney that the case would not be reached for trial on said day, as there were many causes ahead of it, and by reason of the appellant's absence, the affiant therefore, for and in his behalf, said that the appellant could not obtain a fair and impartial trial of said cause, in said county of Marion, by reason of the appellee's undue influence over the citizens of said county; that the appellant had a good, meritorious cause of action, consisting of a claim for a stock of goods, of which he was the rightful owner, and which was seized by the appellee without right; and the affiant further said, that the appellant could not safely go into this trial before the Hon. Joshua G. Adams, judge of said court, by reason of the prejudice existing in the mind of said judge against the appellant Charles Heshion. Wherefore the appellant prayed a change of venue from said court and judge.

In section 207 of the code, as amended by an act approved March 5th, 1877, it is provided, that "The court in term, or the judge thereof in vacation, may change the venue of any civil action, upon the application of either party made upon affidavit showing one or more of the following causes: *

"*Third.* That the opposite party has an undue influence over the citizens of the county," etc.

"*Seventh.* When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending, the said court shall grant a change of venue."

In this case, it is manifest from the language of the affidavit, the substance of which we have given, that it was intended to make the application for the change of venue for two of the statutory causes therefor, namely: 1. The appellee's undue influence over the citizens of the county; and 2. The prejudice of the judge before whom the cause was pending. In so far as the second of these causes is concerned, it will be observed that the statute explicitly requires the application to be made upon the affidavit of a party to the suit. In *Stevens* v. *Burr*, 61 Ind. 464, an application had been made

for a change from the judge of the court, upon the affidavit
of the attorney of the plaintiff, alleging the bias and preju-
dice of the judge; and it was held by this court, that no
error was committed in overruling such application.  The
court said:  "Where the application is made on the ground
stated in the affidavit in this case, the affidavit must be both
made and filed by the party.  The language of the statute is
explicit, and admits of no other construction.  The right to
a change depends upon the statute, and the party asking it
must take it on the terms prescribed by the statute, or not at
all."  This construction of the *seventh* clause of said section ·
207 of the code disposes of the appellant's application, in
the case at bar, for a change from the judge.  The court did
not err in overruling the application for a change from the
judge.

Did the court err in overruling the appellant's motion for
a change of venue of this cause from Marion county?  This
is the only remaining question for our decision.  We are of
the opinion that this question ought to be, and must be, an-
swered in the affirmative.  In coming to this conclusion, we
are not influenced in the slightest degree by the reasons at-
tempted to be given, in the affidavit filed in this case, for the
failure of the appellant, in person, to make and file such affi-
davit, for these reasons seem to us to be inconclusive and
unsatisfactory.  But the letter of the statute does not require
that the application for a change of venue should be made
upon the affidavit of a party to the suit, except in the single
instance of an application for a change from the judge, on ac-
count of his "bias, prejudice, or interest."  It seems to us
that this exception, of itself, tends strongly to show the legis-
lative intent, that in all other cases, not embraced in the ex-
ception, the application for the change of venue might be
made upon the affidavit of any person, whether a party to the
suit or not, showing the necessary facts.  This point the
court declined to decide in *Stevens* v. *Burr, supra,* but the
conclusion we have reached follows necessarily from the ar-

gument of the opinion in that case. The court said, *arguendo :* "It will be seen that the general provision is, that a change may be granted, 'upon the application of either party made upon affidavit,' without specifying by whom the affidavit is to be made. But when the seventh specification is reached, providing for a change on the ground of the bias, prejudice, etc., of the judge, the affidavit is required to be both made and filed by the party asking the change."

In *Witter* v. *Taylor*, 7 Ind. 110, in delivering the opinion of the court, STUART, J., said : · "Applications for change of venue, in civil cases, are not addressed to the discretion of the court. Like surety to keep the peace, they are measured more by the feelings of the party making the application, than by any distinctive features which the court might recognize as a just ground of apprehension. If the affidavit is in substantial conformity to the statute, the change must be granted. The statute is explicit. The '*may* ' as there used, is clearly imperative and not discretionary." *Shaw* v. *Hamilton*, 10 Ind. 182 ; *Shattuck* v. *Myers*, 13 Ind. 46 ; *Goldsby* v. *The State*, 18 Ind. 147.

For the reasons given, we are of the opinion that the court erred, in this case, in overruling the appellant's motion to change the venue of the action from Marion county ; and that, for this cause, a new trial ought to have been granted.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR A REHEARING.

HOWK, J.—In this case a rehearing is asked, not for any error in the points decided in the original opinion, but the appellee's counsel claim, in their petition, that we omitted to consider and pass upon a point which ought to have been decided. Without conceding that we were at fault in this respect, we have concluded to consider and decide the omitted point.

As stated in the original opinion, the appellant's application for a change of venue from the county was made, under the provisions of the *third* clause of section 207 of the civil code of 1852, as amended by an act approved March 5th, 1877. This clause of the section, as amended, reads as follows:

" *Third.* That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defence, in [on] account of local prejudice, in either of which cases, in this third subdivision, provided such applicant shall further show by his affidavit that he has a good and meritorious cause of action or defence, which shall be specifically set forth therein." Acts of 1877, Reg. Sess., p. 103.

It is proper that we should notice, in this connection, that in section 255 of the civil code of 1881, which specifies the causes for which the venue of a civil action shall be changed, and which substantially re-enacts section 207 of the code of 1852, the *third* clause now provides as follows: " *Third.* That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defence, on account of local prejudice." This section 255 is section 412 of R. S. 1881. This *third* clause now reads precisely as it did in the code of 1852, as originally enacted, and as it did in the act of March 5th, 1859, amending sections 207 and 208 of the code of 1852; and so the law remained until section 207, as amended, was again amended by the above mentioned act of March 5th, 1877. We have set out, at length, the *third* clause of said 207th section, as amended by the act of March 5th, 1877, and it will be seen therefrom that the amendment of the *third* clause consisted in adding to such clause, as it had previously read, the following proviso : " Provided such applicant shall further show by his affidavit that he has a good and meritoricus cause of action or defence, which shall be specifically set forth therein."

We come now to the consideration of the only point made

by the appellant's counsel, in their petition and argument for a rehearing, namely : that the affidavit for the change of venue was insufficient, because it was not shown thereby that the appellant had a good and meritorious cause of action, which was specifically stated therein.   We do not think that this point is well taken, or can be maintained by a fair and reasonable construction of the language of the statute.   We set out so much of the affidavit for a change of venue as relates to the point under consideration, as follows : " The plaintiff has a good and meritorious cause of action, consisting of a claim for a stock of goods, of which he is and was the rightful owner, and which was seized by the defendant without right."   As stated in the original opinion, the appellant filed a verified complaint, in this case, which was an action of replevin.   The complaint subserved the double purpose of a statement of the cause of action, and of the requisite affidavit to entitle the appellant to a writ for the possession of the stock of goods; and it was so manifestly good, for both purposes, that the appellee did not test its sufficiency in any manner, or in either respect.

It seems to us, that the showing in the affidavit for the change of venue, that the appellant had a good and meritorious cause of action, in that he was the rightful owner of the stock of goods, which the appellee had seized without right, was sufficiently specific to comply substantially with the requirements of the statute.   Certainly, it was not intended by the law-making power that the good and meritorious cause of action should be stated so specifically in the affidavit for a change of venue, that it would withstand a demurrer thereto for the want of facts.   For, if the Legislature had intended that such a showing should be made, the statute would have required that the plaintiff should make his complaint a part of his affidavit for a change of venue.   All that the statute contemplated, as we construe its provisions, was, that the affidavit should show the nature and substance of the plaintiff's cause of action, so that it would appear to be good and

meritorious; and such was the showing made by the affidavit in the case at bar, and we think it was clearly sufficient.

The petition for a rehearing is overruled, at the appellee's costs.