No. 13,969.

|121 201|
|121 266|

## FIRESTONE v. HERSHBERGER.

CHANGE OF VENUE.—*From Judge.— Who may Make Application for, and File Affidavit.*—Where a party to an action subscribes and swears to an affidavit asking a change of judge, he need not appear in person and make the application, nor in person file the application or affidavit. The application may be made and the affidavit filed by his attorneys, and if one of the statutory causes authorizing such a change is properly set forth in the affidavit, the application should be granted. *Stevens* v. *Burr*, 61 Ind. 464, limited.

From the Madison Circuit Court.

*W. S. Diven,* for appellant.

*W. R. Pierse* and *C. B. Gerard,* for appellee.

ELLIOTT, J.—The appellant declared upon a promissory note, negotiable under the law merchant, executed by the appellee. The second paragraph of the answer is badly drawn, but we think it states facts constituting a *prima facie* defence to the action. The facts pleaded are very much the same as those contained in the answer discussed in the case of *Palmer* v. *Poor, ante,* p. 135, and upon the authorities there cited, and for the reasons there given, we hold the answer good.

The appellant subscribed and swore to an affidavit asking a change of judge, and properly set forth therein one of the statutory causes authorizing such a change, but he did not come into court in person and make the application, nor in person file the application or affidavit. The application was made and the affidavit filed, as the record shows, by the attorneys of the appellant. It is contended by counsel that the decision in *Stevens* v. *Burr*, 61 Ind. 464, sustains the ruling of the trial court denying the application. We said in *Palmer* v. *Poor, supra,* that some of the expressions in *Stevens* v. *Burr, supra,* were too broad, and that they could not

be regarded as authoritative.    We now hold that the only point authoritatively decided in that case is, that the party must himself make the affidavit, and that it can not be made for him by another.    There the affidavit was not made by the party, and our judgment is, that the court was there simply speaking of the case actually before it, and that it did not mean to decide that an attorney might not present or file the affidavit made by his client.    Taking all that was said by the court into consideration, it is evident that it had in mind the important fact that the affidavit was not made by the party, and it was that fact which influenced its decision.    No one who has any knowledge of law, logic or rhetoric will contend that an opinion or a discourse is to be judged by detached expressions or from fragmentary parts.    It is elementary learning that all that is said or written upon one subject or point must be considered in determining what meaning a speaker or a writer intended to convey.    This rule is applied in jurisprudence to statutes, pleadings, contracts, instructions and judicial opinions, and in literature it is of universal application.

It has been decided again and again that what an attorney does in the progress of a cause in court is the act of the client, and there is no conceivable reason why this rudimental rule should not apply to applications for a change of judge.

For the error in denying the appellant's application the judgment must be reversed.

Filed Nov. 27, 1889.