Wiltfong v. Schafer.

No. 13,970.

## WILTFONG v. SCHAFER.

PLEADING.—*Answer.*—*Special Non est Factum.*—An answer by the payor to a suit on a promissory note, admitting the signature to the note, but averring that since it was so signed the note has been changed in certain material respects, setting out the changes, without his knowledge or consent, is a good special plea of *non est factum.*

CHANGE OF VENUE.—*From Judge.*—*Application for.*—*How Made.*—Where an affidavit for a change of venue from a judge was sworn to before a notary public by the party seeking it, and then forwarded by him to his attorney, who filed it, and presented it to the court in the absence of the affiant, the application was properly made.

From the Madison Circuit Court.

*W. S. Diven,* for appellant.

*D. C. Chipman* and *W. A. Chipman,* for appellee.

COFFEY, J.—This was an action instituted by the appellant against the appellee in the Madison Circuit Court upon a promissory note. The note purports to have been executed by the appellee to one A. J. Selby for the sum of $185, on the 5th day of May, 1886, due in ninety days after date and payable at the Exchange Bank, in Anderson, Indiana. The complaint avers that said Selby, for full value, in the due course of business, endorsed said note to Theodore Fields before maturity, and that said Fields in like manner, and for full consideration, in due course of business, endorsed the same to the appellant before maturity.

The appellee filed an answer in three paragraphs, the first being a general denial. The second is a special *non est factum,* in which the appellee admits signing the note in suit, but avers that since signing the same, said note, without his knowledge or consent, has been changed in two particulars, viz., that the figure eight, appearing therein, has been inserted before the words "per cent.," thereby making said

note bear eight per cent. interest, when in truth and in fact said note bore no interest, and was to bear no interest, as executed by the appellee; that the words with "ten per cent." were in said note immediately preceding the words "attorney's fees" when the same was signed by the appellee, but that the same have since been struck out, thus providing for attorney fees without any limitation as to the amount.

The third paragraph admits the execution of the note and avers facts sufficient to avoid the same in the hands of the original payee, and avers that said payee and his immediate endorsee and the appellant were partners in the transaction out of which the note originated, and had notice of the facts set out in said answer, and that said note was assigned to them for the purpose of giving color to their claim to be innocent purchasers, and was without consideration.

A demurrer to the second and third paragraphs of the appellee's answer was overruled, and appellant excepted.

The appellant made an affidavit for a change from the regular judge of the Madison Circuit Court to some other judge, and by his attorney of record filed said affidavit, and moved the court for a change from the said regular judge, but his motion was overruled, and he excepted.

A trial of the cause, by jury, resulted in a verdict for the appellee, upon which the court rendered judgment.

The appellant assigns as error:.

*First.* That the court erred in overruling the appellant's motion for a change from the regular judge.

*Second.* That the court erred in overruling the appellant's demurrer to the second and third paragraphs of the answer of appellee.

*Third.* That the court erred in overruling the appellant's motion for a new trial.

*Fourth.* That the court erred in sustaining appellee's motion for judgment for failure to take depositions and rendering judgment therefor.

As we understand the objection to the second paragraph

of the answer, it is that it both admits and denies the execu-
tion of the note in suit.    We do not so understand the plea.
It admits the signature to the note, but avers that since it
was so signed the note has been changed in certain material
respects, setting out the changes.    The plea is in the usual
form, and was, in our opinion, sufficient to bar the action.
*Palmer* v. *Poor*, *ante*, p. 135.

The next reason urged for a reversal of the judgment is
the supposed error of the court in overruling the motion for
a change from the regular judge of the Madison Circuit
Court.

The affidavit for the change was made by the appellant
before a notary public in Marshall county, Indiana, and was
forwarded by him to his attorney at Anderson, who filed and
presented it to the court in the absence of the appellant.    It
is claimed by appellant that the court erred in refusing to
grant the change, while on the other hand it is contended by
the appellee that where a party applies for a change from the
judge the statute requires him not only to make the affidavit
but also to file it personally.    The appellee cites in support
of his contention : *Stevens* v. *Burr*, 61 Ind. 464; *Heshion* v.
*Pressley*, 80 Ind. 490 ; *Stevens* v. *Wagner*, 64 Ind. 599.

In each of these cases the affidavit for the change was made
by a person other than the party seeking it.    The court,
therefore, in rendering the opinions therein reported, must
be presumed to have had in mind that leading fact.    Indulg-
ing such presumption, this court has held that the language
used must be construed with reference to that fact ; and that
it must be held that they decide only that the affidavit must
be made by the party seeking the change, and that it may be
filed and presented by his attorney.

In the case of *Firestone* v. *Hershberger*, *ante*, p. 201, EL-
LIOTT, J., in delivering the opinion of the court, said : " We
now hold that the only point authoritatively decided in that
case (*Stevens* v. *Burr*) is, that the party must himself make

the affidavit, and that it can not be made for him by another."

It is further held in this case, that when the affidavit is so made by the party seeking the change, it may be filed and presented by his attorney.

That case is decisive of the question now before us. The court erred in overruling the application of the appellant for a change from the regular judge.

Some other questions in the cause are discussed by counsel, but as they may not arise upon another trial of the cause we do not deem it necessary or proper to decide them.

For the error of the court in refusing the application of the appellant for a change of judge the judgment must be reversed.

Judgment reversed, with directions to the circuit court to grant the change prayed by the appellant.

