McClelland, Administrator, *v.* Bristow, Administrator.

———————◆———————

No. 856.

McClelland, Administrator, *v.* Bristow, Adminis-
trator.

Decedent's Estate.—*Removal of Administrator.*—*Change of Venue.*—
Where an application is made to remove an administrator, the party making the application is not entitled to a change of venue from the judge.

Same.—*Administrator.*—*Unlawful Claim for Expenses of Appeal and Interest.*—An administrator is not entitled to interest on his claim for services, nor to expenses of appeal, during the pendency of the action and appeal, where the case is one to remove the administrator and compel an accounting.

From the Clinton Circuit Court.

*J. V. Kent, R. W. Irwin, S. O. Bayless* and *C. G. Guenther,* for appellant.

*M. Bristow* and *J. T. Hockman,* for appellee.

Ross, J.—The facts in this case are substantially as follows:

In March, 1877, the appellee was duly appointed as administrator of the estate of Williamson Farrar, deceased, by the Clinton Circuit Court, and having qualified, proceeded to settle said estate; that he received, as such administrator, the sum of $6,727.24.

In April, 1885, the appellee filed his petition asking to be allowed to settle said estate as insolvent. The appellant, together with the other creditors, resisted the granting of the petition, charging that the estate was solvent, but that the appellee had taken credit in his reports for a large sum on false and fraudulent vouchers.

Pending these proceedings, the court ordered the appellee to make and file a report showing the true amounts received by him, the date when, and from whom, received.

In compliance with this order, the appellee filed a report showing the receipts to be $6,727.24, and the disbursements $5,896.97, with insolvent claims amounting to $658.95, leaving a balance in his hands, including insolvent claims, of $1,830.27.

To this report the creditors, including appellant, filed exceptions, and also filed a petition asking the removal of appellee from said trust.

Upon issues formed, there was a trial and finding by the court that there was in the hands of the appellee, belonging to said estate, the sum of $1,723.40, which he was ordered to apply within thirty days, in the following manner, viz: First, to the payment of costs and expenses of administration, and, second, to the payment of claims filed and allowed against said estate.

From this judgment the appellee appealed to the Supreme Court, where the judgment of the lower court was

in all things affirmed. *Bristow, Admr.*, v. *McClelland, Admr.*, 122 Ind. 64.

On the 26th day of March, 1890, after the opinion of the Supreme Court had been rendered, the appellee filed his report as such administrator, in which he charged himself with the $1,723.40, which the court found was in his hands, and also interest thereon from the date of said judgment, amounting to $350.93, making a total in his hands of $2,074.36, and he credited himself, among other charges, as follows: "For fees as administrator, $500; for expenses as such administrator, $250; for interest on these two credits, from September, 1886, $146.38; some $200 or $300 for attorney's fees, and $32.85 for costs in the Supreme Court, etc."

To this report the appellant and other creditors filed exceptions.

On July 10, 1891, the court disapproved the report, and, on the 15th day of September, 1891, the appellee filed another report containing the above items with which he had credited himself in his previous report.

At this stage of the proceedings the appellant filed an affidavit for a change of venue from the court, on account of bias and prejudice. This motion was overruled by the court, and this ruling of the court is the first question presented on this appeal.

Section 412, R. S. 1881, provides that "The court, in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: * * 'Seventh. When either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending.' "

The language of the statute is clear, and does not leave

it optional with the court or judge to grant or refuse the application. It is mandatory, and to refuse to grant it, when properly made, is reversible error. *Brow* v. *Levy,* 3 Ind. App. 464; *Witter* v. *Taylor,* 7 Ind. 110; *Shaw* v. *Hamilton,* 10 Ind. 182; *Shattuck* v. *Myers,* 13 Ind. 46; *Fisk* v. *Patriot, etc., Turnpike Co.,* 54 Ind. 479; *Krutz* v. *Griffith, Admr.,* 68 Ind. 444; *Krutz* v. *Howard,* 70 Ind. 174; *Shoemaker* v. *Smith,* 74 Ind. 71; *Heshion* v. *Pressley,* 80 Ind. 490; *Burkett* v. *Holman,* 104 Ind. 6; *Moore* v. *Sargent,* 112 Ind. 484; *Rout* v. *Ninde,* 118 Ind. 123; *Firestone* v. *Hershberger,* 121 Ind. 201; *Wiltfong* v. *Schafer,* 121 Ind. 264; *Bernhamer* v. *State,* 123 Ind. 577.

Was the appellant in this case entitled to a change of judge? If the question was an open one, we would feel at liberty to consider and discuss it at length, but we think the case of *Bowen* v. *Stewart, Admr.,* 128 Ind. 507, is decisive of the question against the appellant.

Counsel very earnestly insist that under the ruling in *Scherer* v. *Ingerman, Admr.,* 110 Ind. 428, the motion should have been sustained.

Counsel overlook the fact that no exceptions to the report filed September 15, 1891, were pending when the application was made and ruled on. The only question pending to which the appellant was a party, was the application for the removal of the appellee as administrator.

It is next claimed that the court erred in allowing the appellee credit for the several sums expended in the former appeal of the cause, amounting to several hundred dollars, also for the item of interest on claim for services and expenses of appeal, amounting to $146.38.

In this contention, we think the appellant is right. The expenses incurred by the former appeal were not for the protection or benefit of the estate, but were prosecuted by the appellee for his own benefit, and to relieve him-

self from accounting for the funds in his hands belonging to the estate. That he did not settle the estate and receive his allowance for his services, was his own fault; they had been allowed by the court, and the funds were in his hands to pay them, and if not paid, it was because he preferred to prosecute the appeal. He was in the wrong, as is shown by the affirmance of the former judgment, and he can not now profit by his own wrongful acts. In arriving at this conclusion, we are not called upon to weigh the evidence, but simply to determine whether there is any evidence to sustain the finding.

The court, therefore, erred in allowing the above items, for which reason the judgment is reversed, with instructions to grant a new trial.

Filed Nov. 2, 1893; petition for a rehearing overruled April 6, 1894.