THE TEXAS & PACIFIC RAILWAY COMPANY V. ARTHUR ALLEN, BY NEXT FRIEND.

No. 301.

1. **Change of Venue—Agent as Compurgator—Competency.**—That one of the compurgators to a motion of a railway company for a change of venue was the local agent of the railway company in the county where the suit was pending did not render him incompetent to make the affidavit nor preclude him from being a "credible person," as contemplated by article 1271, Revised Statutes, as the same existed prior to the Act of February 11, 1893.

2. **Same—Continuance—Estoppel.**—Appellant being entitled to a change of venue at the time the motion was acted upon, the failure to renew the motion at a subsequent term, after the cause had been continued for several times, does not estop the railway company from insisting upon the error of the court in refusing to grant a change of venue.

APPEAL from County Court of Van Zandt. Tried below before Hon. JOHN S. SPINKS.

*M. H. Gossett,* for appellant. — Where application for a change of venue is made in conformity to the requirements of the statute, the same shall be granted, unless it appear to the satisfaction of the judge, upon proof made before him, that the persons making the affidavit are not credible persons. Rev. Stats., arts. 1271, 1272; Farley v. Deslonde, 58 Texas, 588; Railway v. Mississippi, 102 U. S., 135.

*Kearby & Greer,* for appellee.—1. Appellant waived any right it may have had to a change of venue by a failure to insist upon or renew the motion at the subsequent term of the court. 9 Texas, 358.

2. An abuse of the court's discretion must be shown, to authorize a reversal. 28 Texas, 19; 25 Texas, 12; 61 Texas, 232; 3 Texas, 305.

RAINEY, ASSOCIATE JUSTICE.—Suit brought by appellee to recover of the Texas & Pacific Railway Company damages for personal injuries received by being wrongfully ejected from appellant's train by its servants.

Appellant in the court below filed a motion for a change of venue, the ground stated being, that the prejudice in the county of Van Zandt was so great against it that it could not obtain a fair and impartial trial. The affidavit was sworn to by an agent of the railway company, and was supported by three other compurgators, one of whom was A. W. Montague, a local agent of appellant in Van Zandt County. The motion was overruled, to which action of the court an exception was duly taken. The court in signing the bill of exceptions made the following explanation: "Which is accordingly done, with this explanation: It was in proof and admitted by defendant that A. W. Montague, one of the compurgators to the original motion, was the local agent of defendant in this (Van Zandt) county, whereupon the court held that he was not competent to make affidavit, and overruled the motion to change venue."

Article 1271 of the Revised Statutes provides, that "a change of venue may be granted in any civil cause upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any of the following causes." (The statute specifying the causes, one of which is set out in appellant's motion.)

The succeeding article, 1272, provides, that when a motion is made in conformity to the foregoing requirements, the court shall grant the motion, "unless it appears to the satisfaction of the judge, upon proof made before him, that the persons making the affidavits are not credible persons."

Then it follows, that the motion for a change of venue should have been granted by the court, unless one or more of the compurgators are shown not to be credible persons. (This applies to the law as it existed prior to February 11, 1893, when the Legislature made a change.) Mr. Bouvier defines a credible witness to be "one who, being competent to give evidence, is worthy of belief."

No question is raised as to any witness except Montague. It is not pretended that he is not a citizen of Van Zandt County, that he is not a competent witness in the case, nor that he is unworthy of belief. The sole ground urged against his competency to make the affidavit is, that he is the local agent of the appellant, and upon the solution of this question depends the result of this appeal. The appellee contends, that "Montague was not such a witness as the law contemplated should make the affidavit." Being the local agent of appellant, "he was a party whom the law recognized as a party at interest, in this, that service of process, citation, precept to take depositions, etc., upon him, is service upon and notice to the railway company."

To this contention we can not accede. While under the statute service of process upon the local agent is service upon the railway company, yet this, in contemplation of law, in no sense makes him a

party to the suit.    Mr. Black defines parties to actions as those "who are actually concerned in the prosecution and defense of any legal proceeding."    Montague in no sense comes within this definition.    He is neither an actual nor a nominal party.    He has no pecuniary interest in the suit, nor would the result in anywise affect him.    The statute authorizing service of process upon a local agent of a corporation is an arbitrary rule fixed for the convenience of litigants, which affects the corporation, but can not be construed to affect the local agent, nor to make him a party to the litigation of the corporation.    The employment of a party by a corporation as local agent does not make him a member of such corporation, nor an officer thereof.    He has no control or management of the litigation of the company by virtue of such employment.    We therefore conclude that such employment did not preclude Montague from being a "credible person," as contemplated by article 1271, and that he was not disqualified to make the affidavit by reason of his relation to the railroad company, and the court erred in so holding.

The appellant was entitled to a change of venue at the time the motion was acted upon, and the failure to renew the motion at a subsequent term after the cause had been continued for several times does not estop the appellant from insisting upon the error of the court in refusing to grant the change of venue.

The judgment of the court below is reversed and remanded.

*Reversed and remanded.*

Delivered April 4, 1894.