## FIDELITY AND CASUALTY COMPANY OF NEW YORK *v.* CARROLL.

[No. 23,273. Filed December 4, 1917.]

1. VENUE.—*Change for Bias of Judge.—Discretion of Court.—Statute.*—Under §422 Burns 1914, §412 R. S. 1881, providing that a change of venue shall be granted in any civil action when either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the cause is pending, when a proper affidavit has been made and filed, the court has no discretion but must grant the change. p. 634.

2. CORPORATIONS.—*Change of Venue.—Right of Corporation.*—A corporation has the same right to a change of venue on account of the prejudice of the trial judge as is accorded to any other party litigant. p. 635.

3. VENUE.—*Change of Venue.—Prejudice of Judge.—Affidavit.—Making by Party.—Filing by Agent or Attorney.*—An affidavit for a change of venue from the judge on the ground of bias, prejudice, or interest, as provided by §422 Burns 1914, §412 R. S. 1881, must be made by the party, and not by his agent or attorney, although it may be filed by the latter. p. 635.

4. CORPORATIONS.—*Change of Venue.—Bias of Judge.—Affidavit of Corporation.—Statute.*—When a change of venue from the judge because of his prejudice or interest is requested in behalf of a corporation, the affidavit required by §422 Burns 1914, §412 R. S. 1881, must be made by an executive or administrative officer of the corporation, such as the president, vice-president, secretary or treasurer, and not by an agent or attorney, since the statute requires that the affidavit be made by the party, and the acts of a corporation done through its officers are acts done *per se,* but its act through an agent is an act *per alium.* p. 635.

5. CORPORATIONS.—*Change of Venue.—Bias of Judge.—Affidavit of Corporation by General Agent.—Statute.*—The general or managing agent within one state of a corporation of another state is not an officer by whom a corporation can make the affidavit required by §422 Burns 1914, §412 R. S. 1881, in support

of its motion for a change of venue from the judge because of his bias or prejudice.  p. 636.

6.   APPEAL.—*Evidence.*—*Scope of Review.*—The court on appeal, in determining the sufficiency of the evidence to sustain the finding of the trial court, will not pass upon issues of fact, but will determine only whether the finding below finds support in the record.  p. 637.

From Marion Superior Court (92,338) ; *Theophilus J. Moll,* Judge.

Action by William H. Carroll against the Fidelity and Casualty Company of New York.   From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed.*

*Solon J. Carter* and *Williams & Orbison,* for appellant. *Addison C. Harris,* for appellee.

SPENCER, C. J.—Action by appellee to recover attorney's fees for services rendered.   On appeal from a judgment for plaintiff, appellant contends that the Marion Superior Court erred in overruling its motion for a new trial and, under that assignment, challenges first the action of the superior court in denying it a change of venue from the judge.   Appellant is a foreign corporation, having its principal office in the city of New York, but is doing business in this State, and the affidavit which accompanied the motion for a change of venue was executed for and on its behalf by its district or resident manager.   The sufficiency of this affidavit is the first question to be determined.

Our statute directs that a change of venue shall be granted in any civil action "when either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending."   §422 Burns 1914, §412 R. S. 1881.   Under this statute, when a proper affidavit has been made and filed, the court has no discretion but

must grant the change. *Burkett* v. *Holman* (1885), 104 Ind. 6, 8, 3 N. E. 406; *Krutz* v. *Griffith* (1879), 68 Ind. 444, 447; *McClain* v. *Steele* (1915), 59 Ind. App. 657, 659, 109 N. E. 793. A corporation clearly has the same right to a change of venue on account

2. of the prejudice of the trial judge as is accorded to any other party litigant. *Shattuck* v. *Myers* (1859), 13 Ind. 46, 74 Am. Dec. 236; *Western Bank, etc.* v. *Tallman* (1862), 15 Wis. 101; *Commercial Ins. Co.* v. *Mehlman* (1868), 48 Ill. 313, 95 Am. Dec. 543. It has been expressly decided, however, that in view of the

3. language of the statute, an affidavit for a change of venue from the judge on the ground of bias, prejudice or interest must be made *by the party*, and not by his agent or attorney, although it may be filed by the latter. *Firestone* v. *Hershberger* (1889), 121 Ind. 201, 22 N. E. 985; *Heshion* v. *Pressley* (1881), 80 Ind. 490, 493; *Stevens* v. *Burr* (1878), 61 Ind. 464, 466.

The inquiry then arises, How may the affidavit of a corporation be executed by the party? It is true that in a broad sense a corporation always acts

4. through an agent, and can act in no other way, but a "distinction must be noted between a corporate act, performed through the intermediation of a person specially empowered to act as its agent, and a like act done immediately by the corporation through its executive or administrative officers, which may be termed its inherent agencies. A corporation may employ agents and may be represented and bound by them the same as a natural person. But the corporation can act for itself through some agency inherent in its corporate form. Normally such agency inheres in the natural persons who hold and administer the offices of the corporation. The law recognizes that the officers are the means, the hands and the head, by which corporations normally act." 2 Thompson, Corporations (2d

ed.), §1387; *American Soda Fountain Co.* v. *Stolzenbach* (1907), 75 N. J. Law 721, 726, 68 Atl. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. 822. Following this analogy it is held that the acts of a corporation done through its officers are acts done *per se,* so far as a corporation may be said to act by itself, while the act of a corporation through an agent is an act *per alium.* 2 Thompson, Corporations (2d ed.) §1387. In view of this distinction, which is clearly recognized by the courts, it follows, under the decisions in *Stevens* v. *Burr, supra,* and subsequent cases, that when a change of venue from the judge on the ground of bias, prejudice or interest is requested in behalf of a corporation, the affidavit required by the statute must be made by an executive or administrative officer of the corporation, such as the president, vice-president, secretary or treasurer, and not by an agent or attorney. *Wheeler, etc., Mfg. Co.* v. *Lawson* (1883), 57 Wis. 400 15 N. W. 398, 405; *Western Bank, etc.* v. *Tallman, supra,* 102. The general or managing agent within one state of a corporation of another state is not such an officer. *Wheeler, etc., Mfg. Co.* v. *Lawson, supra,* 405.

It may be urged with reason that in cases such as the present, the affidavit should be made by an officer *or agent* sufficiently acquainted with the facts to make it conscientiously, and that position may be supported by authority. *McGovern* v. *Keokuk Lumber Co.* (1883), 61 Iowa 265, 16 N. W. 106; *Jones* v. *Chicago, etc., R. Co.* (1872), 36 Iowa 68, 71; *Texas, etc., R. Co.* v. *Allen* (1894), 7 Tex. Civ. App. 214, 26 S. W. 434. In view of our statute, however, that proposition must here be considered as of legislative rather than judicial concern, and we are required to hold that the overruling of appellant's motion for a change of venue was not error.

The remaining grounds of the motion for a new trial

challenge the sufficiency of the evidence to sustain the decision of the superior court and the amount of
6. its award. These questions, however, require a determination of issues of fact and we may not review the finding below further than to determine that it finds support in the record. This we have done. Judgment affirmed.

NOTE.—Reported in 117 N. E. 858. Venue: (a) application for change, on ground of bias as ousting judge of jurisdiction, Ann. Cas. 1916 D 1281, 74 Am. Dec. 245, 40 Cyc 117, 166; (b) when corporation is entitled to change, 74 Am. Dec. 242. See under (3-5) 40 Cyc 157.