## STATE OF INDIANA, EX REL. McGARR v. ARTHUR E. DeBAUN, JUDGE.

[No. 25,187. Filed December 22, 1926.]

1. APPEAL.—*One party cannot complain on appeal of denial of his adversary's right to change of judge for bias and prejudice.* —On appeal, one of the parties to an action cannot have a review of a ruling denying his adversary's right to a change of judge on an application charging bias and prejudice of the judge. p. 663.

2. VENUE.—*In civil action, judge has no discretion as to granting a change of judge on filing of timely and proper affidavit of bias and prejudice.*—Under §442 Burns 1926, cl. 7, the trial court has no discretion, but must grant the application for a change of judge on the filing of a timely and proper affidavit of bias and prejudice of judge before whom the cause is pending. p. 663.

3. MANDAMUS.—A writ of mandate will not be issued by the Supreme Court where the applicant has an adequate legal remedy by appeal. p. 663.

4. VENUE.—*Duty of judge to grant change of judge because of bias and prejudice may be enforced by either party.*—When either party to a civil action has timely and properly invoked the statute for a change of judge because of bias and prejudice, the court is thereby charged with an imperative legal duty, which may be enforced by either of the interested parties. p. 664.

5.  MANDAMUS.—*Plaintiff entitled to mandate from Supreme Court to compel court to 'grant defendant's application for change of judge for bias and prejudice.*—Where the court erroneously denied the defendant's application for a change of judge because of bias and prejudice and the defendant properly reserved an exception thereto, the plaintiff, without filing any affidavit of the judge's bias and prejudice, may prosecute an original action in mandate in the Supreme Court to compel the judge to grant defendant's application (limiting *State, ex rel.,* v. *Wrigley, Judge,* 187 Ind. 78). p. 666.

6.  MANDAMUS.—*When writ of mandate should issue.*—A writ of mandate is an extraordinary process, which should be issued only upon a showing of a plain duty and present power on the part of the respondent to do the thing demanded, a clear legal right of the relator to the relief sought, and that he is without other adequate legal remedy. p. 666.

7.  MANDAMUS.—*Whether writ shall issue rests in sound discretion of court, having in mind what is proper in the particular instance for the attainment of justice.*—While the necessity for issuing a writ of mandate is tested by well-recognized rules, whether or not the writ shall issue rests in the sound legal discretion of the court, having in mind what seems necessary and proper to be done in the particular instance for the attainment of justice. p. 668.

Original action in Supreme Court on relation of William McGarr against Arthur E. DeBaun as judge of the Sullivan Circuit Court to compel him to grant a change of judge. *Writ granted.*

*Slinkard & Slinkard,* for petitioner.

*Cooper, Royse, Gambill & Crawford,* for respondent.

MYERS, J.—This is an action in mandate brought in this court by relator against Arthur E. DeBaun as judge of the Sullivan Circuit Court to compel him to grant a change of judge.

The complaint shows that a civil action was commenced in the Clay Circuit Court in May, 1925, by this relator against Albert J. Winning et al; that such proceedings were had, stating them, whereby, on application of the plaintiff, a change of venue was granted and cause sent to the Sullivan Circuit Court; that thereafter,

the defendant in that action timely filed an affidavit for a change of venue from the judge, this respondent, on the ground of bias and prejudice, and in strict conformity with the statute. §442, cl. 7, Burns 1926, §412 R. S. 1881. The court, this respondent, overruled the application for the change upon the ground, as shown by the complaint herein, and reaffirmed by the respondent's return, that, to the personal knowledge of respondent, the facts in the affidavit were false, and refused to name judges or attorneys from whom a special judge could be selected. The applicant for the change reserved a proper and sufficient exception to the court's ruling, which ruling and exception were in full effect at the time of bringing this action. Thereafter, relator orally requested the court to grant the defendant's application for the change, which was refused.

At this point, it may be well to observe that the ruling of the court denying the application for the change of venue from the judge would not be available to the relator on appeal, nor is this an action wherein it is sought to control the exercise of judicial power or judicial discretion, nor is it claimed that the court did not have jurisdiction of the parties or of the subject-matter of the action wherein the change was sought.

1. 

The rule is well settled in this state that the trial court has no discretion, but must grant an application for a change of venue in civil actions upon the filing of a proper and timely affidavit of bias and prejudice of the judge before whom the cause is pending, as was admittedly done by one of the parties to the action in which the change was demanded. But it is insisted that this rule does not apply to this cause because relator has not, by affidavit, brought himself within the statute entitling him to such change. Thus we have the proposition that a denial of relator's ap-

2, 3.

plication for a change of judge is a condition precedent to his right to maintain this action. True, the relator made no such application. Had he unsuccessfully done so, might it not then be successfully said that the writ should be denied because he has an adequate legal remedy by appeal. If he had such remedy, then certainly we would not be justified in ordering the writ. *Gruber, Trustee,* v. *State, ex rel.* (1925), 196 Ind. 436, 148 N. E. 481. However, that question is not here, but we refer to it merely to show the fallacy of such a contention.

Returning to the question for decision, it is our opinion that when either party to a civil action invokes the change of judge statute, as here, the court is 4. thereby charged with an imperative legal duty which may be enforced by either of the interested parties. We are forced to this conclusion by the wording of the statute here involved, and the interpretation placed upon it by this court.

Section 442, *supra,* at present material, provides that: "The court, in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: * * * Seventh. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending." This statute has often been considered by this court, and, for more than seventy years, it has been the settled law of this jurisdiction that in civil actions, when a proper affidavit for a change of judge is made and filed by a party, the court, or judge in vacation, has no discretion, but must grant the change. *Witter* v. *Taylor* (1855), 7 Ind. 110; *Fisk* v. *Patriot, etc., Turnpike Co.* (1876), 54 Ind. 479; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Fidelity, etc., Co.* v. *Carroll* (1917), 186 Ind. 633, 117 N. E. 858; *Shaw* v. *State* (1925), 196 Ind. 39, 146 N. E. 855;

*State, ex rel.,* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900.

In *Witter* v. *Taylor, supra,* it was held that "applications for a change of venue, in civil cases, are not addressed to the discretion of the court," but, upon the filing of an affidavit as here shown, it is imperative upon the court to grant the change, regardless of the personal knowledge of the judge in relation to the facts appearing in the affidavit. Stuart, J., speaking for the court, said: "Something is said about the personal knowledge of the Court. But the position is wholly unsound. Even though the judge, in this instance, knew every word of the affidavit to be false, that is nothing to the purpose. He is not to establish a vicious principle, even to accomplish a desirable end. * * * The rights of parties do not depend upon his private knowledge. They are to be determined solely by what is judicially adduced in due course of law. This office, in applications for change of venue, the affidavit alone can perform."

If the statute was so worded as to make it the duty of the court to grant a change of venue in favor of the party alone making the application, then there would be some reason for saying that such application would not invoke a general statutory duty, or a duty enjoined upon the court by law. But it is not so worded. Its language is imperative that "upon the application of either party" complying therewith, as was done in the particular case, the court is commanded to do a specific thing—"change the venue." It applied to the Sullivan Circuit Court in term, or the judge thereof in vacation, and, as we have seen, the duty in either case to act was not left to any element of permissiveness or discretion.

Under the showing here made, it must be conceded that the court committed reversible error in denying the request of relator's adversary for a change of venue from the judge. Now, let us assume that relator also

had fully complied with the statute entitling him to a change of venue from the judge and had obtained an adverse ruling to which he had reserved an exception. Then what would be the situation of the parties in the event the case was tried upon its merits? The answer is self-evident that the winning party below would be the losing party on appeal. On the other hand, if the relator had reason to believe that the mind of the respondent was as the return herein shows, then he could not conscientiously incorporate in an affidavit the essential facts entitling him to such change. Nevertheless, he was confronted with a record showing that his opponent had made and filed with the court an affidavit in all respects in compliance with the statute, which, under the circumstances, was a positive order on the court to pronounce the judgment of the law. Hence, unless he can maintain this action, three alternatives only were open to him: (1) Dismiss his action; (2) try his case in the face of a known reversible error available to his opponent only; or (3) commit perjury by incorporating into an affidavit facts which he believed to be untrue.

Notwithstanding the statute and the frequent rulings of this court on the subject of the court granting a change of venue from the judge, the respondent refused to grant such change for the sole reason he personally knew the facts in the affidavit were false. According to the Witter case, *supra*, his personal knowledge as to the truthfulness or the falsity of the facts in the affidavit did not authorize him to "establish a vicious principle."

Any fair mind must concede that the respondent refused to perform a duty enjoined upon him by law, and hence, what is the remedy? The answer is, action 5, 6. in mandate. That is the remedy in such cases expressly authorized by our Code. Section 1244 Burns 1926, here in point, by its second proviso pro-

vides: "That such writs of mandate may issue out of the Supreme Court to the circuit, superior or criminal courts of this state respectively, *compelling the performance of any duty enjoined by law upon such circuit, superior and criminal courts respectively.*" (Our italics). Relator's adversary is in no position to complain, for the affirmance of this action will bring the relief he prayed; nor is this a case involving the interest of third parties, as in *State, ex rel., v. Jennings* (1915), 183 Ind. 172, 108 N. E. 513. Moreover, as said by Chief Justice Marshall in the case of *Osborn v. United States Bank* (1824), 9 Wheat. 738, 866, 6 L. Ed. 204, "Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

The authority for issuing the writ in this case is not based upon the theory that the filing of the application and affidavit for the change ousted the court's jurisdiction of either the parties or the subject-matter. It rests entirely upon the court's refusal to do a plain statutory duty, and the doing of which, under the command of the statute, in our opinion, was a ministerial act. Such being the case at hand, we are fully convinced that an action for mandate is not only proper, but the only adequate remedy available to this relator. 38 C. J. 624, §117; 18 R. C. L. 309, §251. He was a party to the action in which the change was sought. He was directly interested in the ruling, in that it brought into the record a reversible error beneficial only to his opponent, and because of which any affirmative relief he might obtain would be absolutely fruitless. True, a writ of mandate is an extraordinary process which should be allowed only upon a showing of a plain duty and present power on the part of respondent to do the thing demanded, a clear legal right of the relator to the relief

sought, and that he is without other adequate legal remedy. *Gruber, Trustee,* v. *State, supra; Paddock, Mayor,* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E. 217.

It does not lie with the respondent to say in his return that had relator filed an affidavit showing the bias and prejudice of respondent, he would have 7. granted the change, and offering to do so, if relator will file such affidavit. Thus, from his return, the inference necessarily follows that while the facts in the affidavit of relator's adversary were false, yet the same facts in an affidavit made by relator would be true. Respondent's ruling on the affidavit filed for a change of judge and the verified facts in his return strongly tend to support the conclusion that the ruling was possibly unwittingly made in the interest of relator's adversary. He must have known that relator could not safely go to trial upon the record thus made, thereby, for some purpose not clearly obvious, compelling him to file an additional judge disqualifying affidavit, and, by that means, cut off the right of relator to object to a special judge appointed upon the application of his adversary. §448 Burns 1926. While the necessity for the writ of mandate is tested by well-recognized rules, yet, whether or not the writ shall issue rests in the sound legal discretion of the court, having in mind what seems necessary and proper to be done in the particular instance for the attainment of justice. *State, ex rel.,* v. *Board, etc.* (1903), 162 Ind. 580, 603, 68 N. E. 295, 70 N. E. 373; *Tawas, etc., R. Co.* v. *Iosco Circuit Judge* (1880), 44 Mich. 479; *Merill, Mandamus* §§62, 63.

In *State, ex rel.,* v. *Jackson* (1907), 168 Ind. 384, 387, 81 N. E. 62, the duty of respondent to perform the act demanded was in question. In that case it was said:

"A duty arising out of statute must not be merely permissive or discretionary, but the statute must require the act to be done, or it will not be enforced by mandamus." No more exclusive statement of the law relative to the enforcement by mandate of a duty enjoined by law will be found, but we have yet to hear any insistence in this case that the statute under which the change was requested is merely permissive, or that the court had a discretion as to its duty, or that it was called upon to act judicially in a matter involving a controverted question of law; nor does respondent deny his present power to grant the change requested.

What was said in the way of a general observation in the case of *State, ex rel.,* v. *Wrigley, Judge* (1918), 187 Ind. 78, 118 N. E. 353, at point 3, must be considered in the light of the facts in that case, and its weight as an authority must be so measured.

In *Tawas, etc., R. Co.* v. *Iosco Circuit Judge, supra,* p. 483, the court observed that: "Mandamus is a prerogative writ designed to afford a summary and specific remedy in those cases where without it a party will be subjected to serious injustice." This language suggests the thought of discretion which the court exercises in the use of the writ, although the rule is not to grant it except "where there is no other adequate specific remedy. But the existence of a remedy of another nature which is not adequate furnishes no reason for refusing it, if the necessity of justice requires it."

We cannot consent to a rule which either directly or indirectly approves the action of a court in denying an application for a change of venue under the facts here shown. Such a rule would invite situations and entanglements and thus tend to obstruct justice and cloud well-understood procedure in such cases.

The demurrer to the complaint is overruled, and the

answer of respondent fails to state facts sufficient to constitute a defense to the action made by the complaint.

Upon the facts and circumstances here presented, and in the interest of justice, this court now exercises its discretion and orders and adjudges that the respondent, Arthur E. DeBaun, as judge of the Sullivan Circuit Court, be and he is hereby commanded to sustain the application for a change of venue from the judge filed in Cause No. ——, *William McGarr* v. *Albert J. Winning, et al*, pending in the Sullivan Circuit Court, as by statute commanded (§442 Burns 1926), and cause entries to be made in the order-book of said court and do and perform such other acts as by statute directed essential to effect such change of judge, and that the relator recover of and from the respondent his costs herein taxed at $........

Ewbank and Willoughby, JJ., dissent.

## DISSENTING OPINION.

WILLOUGHBY, J.—I cannot agree with the majority opinion in this case.

This is an original action brought in this court to compel by mandate, the granting of a change of venue by Arthur E. DeBaun, as judge of the Sullivan Circuit Court.

It appears from the petition that a civil suit was commenced in the Clay Circuit Court in the month of May, 1925, by complaint filed by this relator against Albert J. Winning, et al. The cause was put at issue in the Clay Circuit Court and then a change of venue was granted from said Clay Circuit Court to the Sullivan Circuit Court of Sullivan county, on application of the plaintiff. That after the cause was filed in the Sullivan Circuit Court one of the defendants filed an affidavit for change of venue from the judge in said cause.

That the affidavit was in due and legal form, setting out the cause of bias and prejudice of said judge and was duly verified. The judge of said court was this defendant, Arthur E. DeBaun, who was the qualified and acting judge of said Sullivan Circuit Court. That the defendant filed the affidavit for change of venue on the forty-fourth judicial day of the February term 1926, of said Sullivan Circuit Court. That upon the filing of said verified motion for change of venue the said judge acted thereon immediately and refused the change of venue asked by the defendant, and refused to name any judges or attorneys from whom a special judge could be selected. That before that time the defendant had not made and filed any application for change of venue in said cause. That according to the rules of said court the affidavit for change of venue must be filed not less than five days before the trial day of the cause. That this affidavit was filed more than six days before the date of trial, which was set for April 15, 1926. The complaint also alleges that the trial with Judge DeBaun, sitting as judge, would be a nullity and this court is now asked to issue a mandate against Arthur E. De-Baun, as judge of said Sullivan Circuit Court, directing and commanding him to grant a change of venue in said cause, and follow the statute in granting a change of venue as provided by the law of the State of Indiana.

In this case the issues were made up in the Clay Circuit Court in the case of *McGarr* v. *Winning, et al.,* before the case was sent to Sullivan county on change of venue. And no proceedings or motion of any kind or character had been filed in the Sullivan Circuit Court prior to the filing of the affidavit for change of venue from the judge by one of the defendants, named Frank Bolt. His motion for a change of venue was overruled and exceptions taken to the ruling of the court. That William McGarr, plaintiff in that suit, at no time filed

an affidavit for a change of venue from the judge in the case of _William McGarr_ v. _Albert Winning, et al.,_ and at no time asked the judge for a change of venue in said cause; and the only application for change of venue was made by said defendant, Frank Bolt.

Section 442 Burns 1926, provides that the court, in term or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: The seventh cause is, when either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending. An affidavit based on objection to the judge on account of bias, prejudice or interest must be made and signed by the party in person. _Stevens_ v. _Burr_ (1878), 61 Ind. 464; _Fidelity, etc., Co._ v. _Carroll_ (1917), 186 Ind. 633, 117 N. E. 858.

The affidavit for change of venue was filed by one of the defendants and in this proceeding this court is asked to mandate the judge of the Sullivan Circuit Court, to grant a change of venue on the oral request of the plaintiff upon the affidavit of the defendant. The plaintiff argues that he made a demand on the trial judge to grant the change to the defendant, but we know of no statute requiring or permitting the court to grant a change of venue from the judge, otherwise than as prescribed by the statute, which requires that the affidavit for the change must be executed by the party in person who seeks the change. The right to a change of venue is statutory and before a litigant can claim that right he must bring himself within the provisions of the statute under which he claims.

When an affidavit for change of venue is made based on bias, prejudice or interest of the judge, the court has no discretion in the case but is required to grant the change. _Fidelity, etc., Co._ v. _Carroll, supra._ But that

is not the case before us. If the plaintiff had filed an affidavit for change of venue from the judge on account of bias and prejudice of the said judge, we would have a different question for decision. The relator seeks to mandate the judge of the Sullivan Circuit Court to grant a change of venue in a case in which the plaintiff has not asked a change in the manner required by statute and seeks to require the judge of the Sullivan Circuit Court to grant the change on the application of his adversary.

Section 1244 Burns 1926, provides that writs of mandate may issue out of the Supreme Court to the superior, circuit or criminal courts of this state, respectively, compelling the performance of any duty enjoined by law upon the said courts, including the granting of a change of venue from the county, where such change of venue is allowed by law and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused. In the instant case the change is sought from the judge and not from the county.

It is a well-settled proposition of law that a writ of mandate will be issued only in the case where the facts show a clear legal right on the part of the relator to the relief sought and a clear legal duty resting on the defendant to do and perform the thing demanded. *State, ex rel.,* v. *City of Indianapolis* (1919), 188 Ind. 685, 123 N. E. 405; *State, ex rel.,* v. *Foland, Auditor* (1921), 191 Ind. 342, 132 N. E. 674.

The refusal of a court to grant a change of venue in a proper case renders the subsequent proceedings erroneous, but not void. *State, ex rel.,* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9.

A wrong decision may constitute error, but it does not destroy jurisdiction. It is quite clear that a refusal

of a judge of a superior court to call in another judge does not destroy jurisdiction, although it may be a palpable wrong, entitling the injured party to relief in a direct attack. *Stockton* v. *Ham* (1913), 180 Ind. 628, 102 N. E. 378; *Turner, Sheriff,* v. *Conkey* (1892), 132 Ind. 248.

It is well settled that a proceeding by mandamus will not lie where the party applying for the writ has an adequate legal remedy. The petitioner in this case has an adequate legal remedy. It appears from the record that he has not filed a motion for change of venue from the judge. He has a right under the statute to do so. The decision of a trial court in holding that a change of venue is not allowed by law in a case between adversary parties pending in such court cannot be reviewed and reversed by this court in an action by one of such parties brought against the judge refusing to grant the change of venue. The rights of the other party to the case pending in the trial court would be affected by such a decision and he would not be given an opportunity to be heard. *State, ex rel.,* v. *Wrigley, Judge* (1918), 187 Ind. 78, 118 N. E. 353.

In the matter of this petition, the defendants in the suit of *McGarr* v. *Winning, et al.,* are not in court and if a change of venue was granted in this case, their rights would be affected without their having an opportunity to be heard. As to the right of a litigant to control the case of his adversary, see, *Baird, Sheriff,* v. *Nagel* (1924), 194 Ind. 87, 142 N. E. 9; *Coleman* v. *West Virginia Oil Co.* (1884), 25 W. Va. 148; *McIntyre* v. *Sholty* (1891), 139 Ill. 171; *Board, etc.,* v. *Wild* (1905), 37 Ind. App. 32.

The question presented in this case requires a construction of §§442 and 1244 Burns 1926. The construction of a statute is a judicial act. This court in *State, ex rel.,* v. *Wrigley, Judge, supra,* held that where the

action of a trial court, in granting or refusing to grant a change of venue, depended upon the decision of a controverted point of law, the error, if any, in such ruling may be corrected on appeal, but the question of law in controversy cannot be presented to this court for decision by means of a petition for a writ of mandate. It matters not how reprehensible may have been the conduct of the trial judge on this occasion, he cannot be reached by mandate. The petition ought to be dismissed.