STATE EX REL. JOHNSON ET AL. *v.* CODY, JUDGE.

[No. 27,704. Filed March 26, 1942.]

*Earl W. Johnson,* of Hammond, for relators.

PER CURIAM.—Relators ask for a writ of mandate directing respondent to grant a change of judge. It appears from the petition that relator bank is guardian for an incompetent veteran. It filed a current report in which it requested $131 for its services as guardian and $100 "for its attorney fees for services rendered in this estate for the year 1941." Hearing thereof was set for April 7, 1942. On March 16, an affidavit for

change of venue from the judge was filed and the next day overruled. Copy of the affidavit bearing only the signature of the relator attorney, and without verification, is an exhibit to the petition. The body of the affidavit asserts "that he makes this application in behalf of his client, The Calumet National Bank of Hammond, and also in his own behalf and that he nor it cannot have a fair and impartial trial before the Honorable John F. Cody, for the following reason. On account of the bias and prejudiceness (sic) of the judge against the petitioners."

The only matter before respondent is the guardian's *ex parte* report. The affidavit is insufficient without the signature of the guardian itself. *Fidelity etc. Co.* v. *Carroll* (1917), 186 Ind. 633, 117 N. E. 858, and cases therein cited. There is no issue to which the attorney is a party. He therefore is not entitled to a change of venue. He knows how to make such an issue and respondent knows his duty when a proper affidavit for change of venue is filed, for they were before this court in a similar proceeding. *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971. There should be no occasion for refiling this original action.

The petition is denied, all costs to be taxed against relator Earl W. Johnson.

NOTE.—Reported in 40 N. E. (2d) 332.